MILTON A. HARGROVE v. BILLINGS & GARRETT, INC., A NORTH CAROLINA CORPORATION AND THE CITY OF LOUISBURG, A MUNICIPAL CORPORATION

No. COA99-447

(Filed 2 May 2000)

## Municipal Corporations— governmental immunity—public duty doctrine—limited

The trial court erred by granting a dismissal under N.C.G.S. § Rule 1A-1, Rule 12(b)(6) for the City of Louisburg where plaintiff alleged that he was injured by a dynamite blast while constructing a sewer line. The North Carolina Supreme Court has held that the protection afforded by the public duty doctrine does not extend to local governmental agencies other than law enforcement agencies engaged in their general duty to protect the public.

HARGROVE v. BILLINGS & GARRETT, INC.

[137 N.C. App. 759 (2000)]

Appeal by plaintiff from order entered 19 January 1999 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 17 February 2000.

*Roberti, Wittenberg, Holtkamp & Lauffer, P.A., by R. David Wicker, Jr., and Samuel B. Taylor, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Jeffrey A. Doyle, for defendant-appellee.*

MARTIN, Judge.

Plaintiff appeals from an order dismissing his complaint against defendant City of Louisburg for failure to state a claim upon which relief can be granted. We reverse.

In his complaint, plaintiff alleges that he was employed by defendant Billings & Garrett, Inc., a construction company which had contracted with defendant City of Louisburg for the construction of a sewer line. Plaintiff alleges that excavation for the sewer line necessitated the use of dynamite, an ultra-hazardous activity. He alleges he was injured when he was required to operate a jackhammer in a trench where three sets of dynamite charges had previously been detonated. As he began drilling holes with the jackhammer in preparation for a fourth set of dynamite charges, some undetonated dynamite and dynamite residue exploded, inflicting serious and permanent injuries upon plaintiff, including the loss of an eye. He alleges Billings & Garrett, Inc., was acting as agent for the City of Louisburg in constructing the sewer line and that both defendants are strictly liable for the injuries which he sustained as a result of defendants' use of dynamite. Plaintiff also alleges defendant City of Louisburg waived governmental immunity by the purchase of liability insurance.

Because plaintiff appeals from a Rule 12(b)(6) dismissal, we treat all of the foregoing factual allegations as true. The standard of review of an order dismissing a complaint for failure to state a claim upon which relief can be granted, G.S. § 1A-1, Rule 12(b)(6), is to determine " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Shell Island Homeowners Ass'n, Inc. v. Tomlinson*, 134 N.C. App. 217, 517 S.E.2d 406, 413 (1999) (citations omitted). " 'A complaint may be dismissed pursuant to Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if

facts are disclosed which will necessarily defeat the claim.' " *Id.* (citations omitted).

Blasting is recognized as an ultra-hazardous activity in North Carolina and parties whose blasting causes injury are held strictly liable for damages, regardless of negligence. *Woodson v. Rowland,* 329 N.C. 330, 407 S.E.2d 222 (1991); *Insurance Co. v. Blythe Brothers Co.,* 260 N.C. 69, 131 S.E.2d 900 (1963); see Charles E. Daye and Mark W. Morris, *North Carolina Law of Torts,* § 20.40, at 421 (2nd ed. 1999). Sovereign immunity is waived to the extent to which a municipality has purchased liability insurance. N.C. Gen. Stat. § 160A-485, *Davis v. Messer,* 119 N.C. App. 44, 457 S.E.2d 902, *disc. review denied,* 341 N.C. 647, 462 S.E.2d 508 (1995). The parties agree that the sole question for our determination is whether plaintiff's claim is barred by application of the public duty doctrine.

The public duty doctrine "provides that governmental entities, when exercising their statutory powers, act for the benefit of the general public and therefore have no duty to protect specific individuals." *Stone v. N.C. Dept. of Labor,* 347 N.C. 473, 495 S.E.2d 711, *cert. denied,* 525 U.S. 1016, 142 L.Ed.2d 449 (1998). The rationale behind the public duty doctrine is "to prevent 'an overwhelming burden of liability' on governmental agencies with 'limited resources.' " *Id.* at 481, 495 S.E.2d at 716 (quoting *Braswell v. Braswell,* 330 N.C. 363, 410 S.E.2d 897 (1991)). The doctrine was first applied in North Carolina by this Court in *Coleman v. Cooper,* 89 N.C. App. 188, 366 S.E.2d 2, *disc. review denied,* 322 N.C. 834, 371 S.E.2d 375 (1988) and was adopted by our Supreme Court less than a decade ago in *Braswell.* As originally applied and adopted, the doctrine operated to shield a governmental entity from liability for the failure of the government and its law enforcement agents to furnish police protection to specific individuals. *Braswell* at 370-71, 410 S.E.2d at 901.

The doctrine has since been extended by this Court to shield municipalities and their agents from liability for negligence in providing fire protection services, *Davis v. Messer,* 119 N.C. App. 44, 457 S.E.2d 902 (1995), animal control services, *Prevette v. Forsyth County,* 110 N.C. App. 754, 431 S.E.2d 216, *disc. review denied,* 334 N.C. 622, 435 S.E.2d 338 (1993), municipal building inspection services, *Lynn v. Overlook Development,* 98 N.C. App. 75, 389 S.E.2d 609 (1990), *reversed in part on other grounds,* 328 N.C. 689, 403 S.E.2d 469 (1991), *Sinning v. Clark,* 119 N.C. App. 515, 459 S.E.2d 71, *disc. review denied,* 342 N.C. 194, 463 S.E.2d 242 (1995), and by our Supreme Court to shield state agencies required by statute to perform

safety inspections for the protection of the general public. *Hunt v. N.C. Dept. of Labor*, 348 N.C. 192, 499 S.E.2d 747 (1998); *Stone v. N.C. Dept. of Labor, supra.* More recently, however, in *Lovelace v. City of Shelby*, 351 N.C. 458, 562 S.E.2d 652 (2000) and *Thompson v. Waters*, 351 N.C. 462, 562 S.E.2d 650 (2000), the North Carolina Supreme Court has held the protection afforded by the public duty doctrine does not extend to local governmental agencies other than law enforcement agencies engaged in their general duty to protect the public. Therefore, the public duty doctrine does not apply to shield the City of Louisburg from liability for the claim alleged in plaintiff's complaint. The order of the trial court dismissing the complaint against the City of Louisburg is reversed and the case is remanded to the trial court for further proceedings.

Reversed.

Judges WYNN and HUNTER concur.