JACQUELINE HUNTLEY, Plaintiff v. JITEN G. PANDYA, ASHA J. PANDYA, ALLAN ELKINS, STEVEN CARTEE, and HOUSING AUTHORITY OF THE CITY OF CHARLOTTE, Defendants

No. COA99-125

(Filed 15 August 2000)

**Cities and Towns— public duty doctrine—inapplicable to housing authorities**

> The trial court's order denying a motion for summary judgment by defendants Charlotte Housing Authority and two of its employees is affirmed because a housing authority is properly classified as a local government agency despite its existence as a municipal corporation, and therefore, the public duty doctrine does not apply to bar plaintiff's action.

Appeal by defendants from order entered 18 November 1998 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Originally heard in the Court of Appeals 25 October 1999.

*Price, Smith, Hargett, Petho and Anderson, by C. Murphy Archibald and William Benjamin Smith, for plaintiff-appellee.*

*Root & Root, P.L.L.C., by Allan P. Root, for defendant-appellants.*

LEWIS, Judge.

In an unpublished opinion filed 7 March 2000, this Court concluded the public duty doctrine barred the plaintiff's action against the Charlotte Housing Authority ("Housing Authority") and two of its employees. We reversed the trial court's 18 November 1998 order and remanded to the trial court for entry of summary judgment in favor of these defendants. Plaintiff filed a petition for rehearing pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure 11 April 2000 which we granted, 14 April 2000.

In two recent opinions, our Supreme Court declined to expand the public duty doctrine beyond local government agencies other than law enforcement departments exercising their general duty to protect the public. *Lovelace v. City of Shelby*, 351 N.C. 458, 526 S.E.2d 652 (2000); *Thompson v. Waters*, 351 N.C. 462, 526 S.E.2d 650 (2000). In *Lovelace*, the court stated:

While [the Supreme] Court has extended the public duty doctrine to state agencies required by statute to conduct inspections for the public's general protection, *see Hunt v. N.C. Dep't of Labor,* 348 N.C. 192, 499 S.E.2d 747 (1998); *Stone v. N.C. Dep't of Labor,* 347 N.C. 473, 495 S.E.2d 711, *cert. denied,* 525 U.S. 1016, 119 S. Ct. 540, 142 L. Ed. 2d 449 (1998), we have never expanded the public duty doctrine to any local government agencies other than law enforcement departments when they are exercising their general duty to protect the public, *see Isenhour v. Hutto,* 350 N.C. 601, 517 S.E.2d 121 (1999) (refusing to extend the public duty doctrine to shield a city from liability for the allegedly negligent acts of a school crossing guard) . . . . Thus, the public duty doctrine, as it applies to local government, is limited to the facts of *Braswell [v. Braswell,* 330 N.C. 363, 410 S.E.2d 897 (1991)].

*Lovelace,* 351 N.C. at 461, 526 S.E.2d at 654.

In light of this mandate by our Supreme Court, the issue becomes whether the Charlotte Housing Authority is properly classified as a state or local government agency.

The Charlotte Housing Authority is organized pursuant to the North Carolina Housing Authorities Law (N.C. Gen. Stat. § 157-1-157-70, the "Housing Authorities Law"). The statute authorizes the creation of "authorities" or "housing authorities" as "a means of protecting low-income citizens from unsafe or unsanitary conditions in urban or rural areas." *Powell v. Housing Authority,* 251 N.C. 812, 813, 112 S.E.2d 386, 387 (1960). The statute defines "authority" or "housing authority" as "a public body and a body corporate and politic organized in accordance with the provisions of this Article for the purposes, with the powers and subject to the restrictions hereinafter set forth." N.C. Gen. Stat. § 157-3(1).

A Housing Authority created pursuant to Chapter 157 is a municipal corporation. *In re Housing Authority,* 233 N.C. 649, 653, 65 S.E.2d 761, 764 (1951). Our Supreme Court has addressed the definition of a municipal corporation in a line of authority distinct from the issue presented here. Therein, the court has stated that "municipal corporations are agents of the state." *Soles v. City of Raleigh Civil Service Comm.,* 345 N.C. 443, 447, 480 S.E.2d 685, 687 (1997); *see also Britt v. Wilmington,* 236 N.C. 446, 450, 73 S.E.2d 289, 293 (1952) ("When a municipality is acting 'in behalf of the State' in promoting or protecting the health, safety, security, or general welfare of its citizens, it is an agency of the sovereign.") While *Soles* makes seemingly

clear that a municipal corporation is properly classified as a state agency, the court has also indicated that municipal corporations are created as local units of self-government. *Town of Grimesland v. City of Washington*, 234 N.C. 117, 123, 66 S.E.2d 794, 798 (1951) ("Municipal corporations are instrumentalities of the state for the administration of local government."); *see also Harris v. Board of Commissioners*, 274 N.C. 343, 352, 163 S.E.2d 387, 394 (1968) (stating that municipal corporations are organized primarily for the purposes of local government); *Bridges v. Charlotte*, 221 N.C. 472, 479, 20 S.E.2d 825, 830 (1942) (same). Keeping in mind the dual nature established by this authority and that our courts have never addressed the issue of classification as a state or local government agency in this context, we conclude this distinct line of authority is not entirely instructive here.

We thus turn to the specific statutory provisions in Chapter 157 for guidance. Our review pursuant to these provisions indicates that a housing authority is properly classified as a local government agency, despite its existence as a municipal corporation. For instance, pursuant to N.C. Gen. Stat. § 157-4, a housing authority is created by local government; the city council and its members are appointed by the mayor. Furthermore, the language in several provisions within Chapter 157 clearly distinguishes between housing authorities and state agencies. For example, N.C. Gen. Stat. § 157-26 labels housing authorities as "local government agenc[ies]" and exempts them from taxation "to the same extent as a unit of local government." Furthermore, the Housing Authorities Law which creates the North Carolina Indian Housing Authority states: "It is the intent of the General Assembly that the North Carolina Indian Housing Authority not be treated as a State agency for any purpose, but rather that it be treated as a housing authority as set out above." N.C. Gen. Stat. § 157-66. The specific provisions relevant to housing authorities compel the conclusion that a housing authority is properly classified as a local government agency. Accordingly, we conclude that in light of *Lovelace* and *Thompson*, the public duty doctrine does not apply to the Charlotte Housing Authority.

Contrary to our prior disposition in this appeal, we now affirm the trial court's order of 18 November 1998 denying defendants' motion for summary judgment, and remand this action to the Mecklenburg County Superior Court for trial. This opinion supersedes in all respects the previous opinion of the Court.

Reversed.

Judges WYNN and MARTIN concur.