ROBERT WILLIS, Plaintiff v. TOWN OF BEAUFORT, a North Carolina Municipal Corporation and JIM LYNCH, Individually and in his Official capacity as Chief of the Beaufort Fire Department, Defendants

No. COA00-371

(Filed 17 April 2001)

**1. Cities and Towns— public duty doctrine—no longer applicable for fire protection services**

The trial court erred in a negligence case by granting summary judgment in favor of defendant town because the public duty doctrine no longer applies as a defense for the municipal provision of fire protection services.

**2. Immunity— governmental—waived to extent of liability insurance**

Defendant town waived its governmental immunity defense from civil tort liability to the extent of the liability insurance coverage it purchased.

**3. Public Officers and Employees— fire chief—public official—public duty doctrine—governmental immunity**

The trial court erred in a negligence case by granting summary judgment in favor of defendant fire chief sued in his official and individual capacity because: (1) the public duty doctrine is no longer available as a defense for a fire chief sued in his official capacity; (2) defendant's governmental immunity defense in his official capacity is waived to the extent of insurance coverage purchased by the town; and (3) although a fire chief as defined by N.C.G.S. § 160A-292 is categorized as a public official meaning he cannot be held individually liable for damages caused by mere negligence in the performance of his governmental or discretionary duties, there is a genuine issue of material fact as to the issue of gross negligence on the part of defendant individually.

Appeal by plaintiff from an order entered 28 December 1999 by Judge James E. Ragan, III in Carteret County Superior Court. Heard in the Court of Appeals 26 January 2001.

*Davis, Murrelle & Lumsden, P.A., by Edward L. Murrelle, for plaintiff-appellant.*

*Crossley McIntosh Prior & Collier, by H. Mark Hamlet and Brian E. Edes, for defendant-appellees.*

**WILLIS v. TOWN OF BEAUFORT**

[143 N.C. App. 106 (2001)]

HUNTER, Judge.

Robert Willis ("plaintiff") appeals from an order granting summary judgment dismissing his claims of negligence in favor of defendants Town of Beaufort ("Town") and Jim Lynch. On appeal, plaintiff's two assignments of error are (1) the trial court erred in granting summary judgment in favor of the Town as the public duty doctrine no longer applies as a defense for the municipal provision of fire protection services after the North Carolina Supreme Court's holding in *Lovelace v. City of Shelby*, 351 N.C. 458, 526 S.E.2d 652, *reh'g denied*, 352 N.C. 157, 544 S.E.2d 225 (2000), and (2) the trial court similarly erred in granting summary judgment in favor of defendant Lynch, in his official capacity and individually, as the public duty doctrine is not available as a defense for a fire chief following *Lovelace*. We agree with plaintiff, and therefore reverse the trial court.

The relevant allegations of plaintiff's complaint show that on 14 October 1998, plaintiff was attempting to repair the fuel tanks on board his shrimping vessel known as the DEL-ANN, which was docked at the Homer Smith Seafood House in the Town of Beaufort, North Carolina. Sparks from a welding machine subsequently ignited a fire aboard the vessel, and plaintiff unsuccessfully attempted to extinguish the fire. 9-1-1 was called, and the Beaufort Fire Department was notified.

At all times relevant to this action, defendant Lynch was Chief of the Beaufort Fire Department. The Beaufort Fire Department arrived on the scene of the fire within four minutes of first being contacted. Upon arrival of the fire department, plaintiff was still on board the burning vessel attempting to extinguish the fire, and defendant Lynch ordered plaintiff off the vessel. When plaintiff did not comply, defendant Lynch repeated his order two additional times; defendant Lynch also notified plaintiff that he would have him arrested if he continued to disregard the order. Consequently, plaintiff left the vessel.

Defendant Lynch then requested assistance from several additional fire departments, and shortly thereafter fire departments from Morehead City, Otway, Atlantic Beach, Marshallberg, and the United States Coast Guard arrived. Initially, the Beaufort Fire Department assumed jurisdiction, and water was used in an attempt to extinguish the fire. After some time passed, defendant Lynch ordered all fire fighting efforts to cease. At this point, defendant Lynch allegedly forbade other fire fighters from using foam to extinguish the fire, as well as refused to adhere to any recommendations, suggestions, alterna-

tives, or advice from any other trained professional on the scene. After approximately two hours passed, defendant Lynch allowed foam to be applied to the fire. The fire was extinguished, but the interior of the vessel was destroyed.

On 1 February 1999, plaintiff filed a complaint against the Town alleging negligence on the part of the Beaufort Fire Department in their handling of the fire. Subsequently on 20 October 1999, plaintiff filed an amended complaint to add defendant Lynch as a named defendant, both in his official capacity as Fire Chief and individually, alleging gross negligence on his part arising from the events of 14 October 1998. The Town and defendant Lynch filed a motion for summary judgment, and a hearing was held on 13 December 1999 in Carteret County Superior Court before the Honorable James E. Ragan, III. By order filed on 28 December 1999, Judge Ragan allowed defendants' motion for summary judgment. Plaintiff appeals.

[1] In his first assignment of error, plaintiff claims that the trial court erred in granting summary judgment in favor of the Town when it is clear that the public duty doctrine no longer applies as a defense for the municipal provision of fire protection services after the North Carolina Supreme Court's holding in *Lovelace v. City of Shelby*, 351 N.C. 458, 526 S.E.2d 652. We agree.

"At the outset, we note that the standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Furthermore, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Id.* Therefore, summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). Summary judgment "is an extreme remedy and should be awarded only where the truth is quite clear." *Lee v. Shor*, 10 N.C. App. 231, 233, 178 S.E.2d 101, 103 (1970).

"The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals." *Braswell v. Braswell*, 330 N.C. 363, 370, 410 S.E.2d 897, 901 (1991). The public duty doctrine

was first adopted in North Carolina by our Supreme Court in *Braswell. Id.* "As originally applied and adopted, the doctrine operated to shield a governmental entity from liability for the failure of the government and its law enforcement agents to furnish police protection to specific individuals." *Hargrove v. Billings & Garrett, Inc.,* 137 N.C. App. 759, 761, 529 S.E.2d 693, 695 (2000).

Since *Braswell,* "[t]he [public duty] doctrine has . . . been extended by this Court to shield municipalities and their agents from liability for negligence in providing fire protection services, *Davis v. Messer,* 119 N.C. App. 44, 457 S.E.2d 902 (1995) . . . ." *Hargrove,* 137 N.C. App. 759, 761-62, 529 S.E.2d 693, 694-95 (*Hargrove,* which lists the services the public duty doctrine had been extended to shield, was decided by this Court after the Supreme Court's decision in *Lovelace*). However, in *Lovelace v. City of Shelby,* 351 N.C. 458, 526 S.E.2d 652, the North Carolina Supreme Court held that the public duty doctrine does not insulate a city from liability for the alleged negligence of a city 9-1-1 operator in causing a death by failing to timely dispatch the fire department after receiving a call reporting a fire. Significantly, our Supreme Court held:

> While this Court has extended the public duty doctrine to state agencies required by statute to conduct inspections for the public's general protection, we have never expanded the public duty doctrine to any local government agencies other than law enforcement departments when they are exercising their general duty to protect the public . . . . Thus, the public duty doctrine, as it applies to local government, is limited to the facts of *Braswell.*

*Id.* at 461, 526 S.E.2d at 654 (citations omitted).

Hence, this Court's holding in *Davis* extending the public duty doctrine to the municipal provision of fire protection services has been overruled by our Supreme Court's holding in *Lovelace.* The Town of Beaufort, therefore, may not utilize the public duty doctrine as a defense for the alleged negligence on the part of its fire department. Accordingly, we reverse the trial court's grant of summary judgment in favor of the Town.

[2] In regards to the Town's governmental immunity defense, we recognize that "[t]he organization and operation of a fire department is a governmental . . . function." *Insurance Co. v. Johnson, Comr. of Revenue,* 257 N.C. 367, 370, 126 S.E.2d 92, 94 (1962). "Under the doc-

trine of governmental immunity, a municipality is not liable for the torts of its officers and employees if the torts are committed while they are performing a governmental function . . . ." *Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 278 (1993). However, "[a]ny city may . . . waive its immunity from civil tort liability by purchasing liability insurance." *Id.*; *see also* N.C. Gen. Stat. § 160A-485. "Immunity is waived only to the extent that the city or town is indemnified by the insurance contract from liability for the acts alleged." *Combs v. Town of Belhaven*, 106 N.C. App. 71, 73, 415 S.E.2d 91, 92 · (1992).

Here, the Town purchased North Carolina League of Municipalities liability insurance covering itself and its agents. Consequently, the Town is deemed to have waived its governmental immunity defense to the extent of its coverage.

[3] In his second assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendant Lynch, in his official capacity and individually, as the public duty doctrine is not available as a defense for a fire chief following the Supreme Court's decision in *Lovelace*. Again, we agree.

On 20 October 1999, plaintiff amended his complaint to add Jim Lynch as a defendant, both in his official capacity as Fire Chief of the Beaufort Fire Department and individually, alleging gross negligence on his part. We note that, "official-capacity suits are merely another way of pleading an action against the governmental entity." *Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 725 (1998). Therefore, the claim against defendant Lynch in his official capacity is effectively a claim against the Town. As the public duty doctrine no longer applies as a defense for the municipal provision of fire protection services, the doctrine is similarly not available to a fire chief sued in his official capacity. Thus, defendant Lynch, in his official capacity, cannot avail himself of the public duty doctrine.

We now turn our focus to plaintiff's cause of action against defendant Lynch. In doing so, we must address the question of whether defendant Lynch, as a fire chief, is properly categorized as a public official or a public employee. The significance being, "[p]ublic officials cannot be held individually liable for damages caused by mere negligence in the performance of their governmental or discretionary duties; public employees can." *Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997).

The test for differentiating between a public official and a public employee is:

> (1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties. . . .

*Isenhour v. Hutto*, 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999); *see also Meyer*, 347 N.C. at 113, 489 S.E.2d at 889. ". . . 'Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are "absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." *Jensen v. S.C. Dept. of Social Services*, 297 S.C. 323, [322,] 377 S.E.2d 102[, 107] (1988)[, *aff'd*, 304 S.C. 195, 403 S.E.2d 615 (1991)].' " *Meyer*, 347 N.C. at 113-14, 489 S.E.2d at 889.

N.C. Gen. Stat. § 160A-292 recognizes the position of "fire chief" and gives the fire chief the duty and responsibility to

> preserve and care for fire apparatus, have charge of fighting and extinguishing fires and training the fire department, seek out and have corrected all places and conditions dangerous to the safety of the city and its citizens from fire, and make annual reports to the council concerning these duties. . . .

N.C. Gen. Stat. § 160A-292 (1999). We find these duties provide for a fire chief to exercise some portion of the sovereign power of the State. Furthermore, under N.C. Gen. Stat. § 160A-292, a fire chief performs discretionary acts, rather than ministerial duties. Thus, we conclude that a fire chief is a public official. This conclusion is consistent with prior decisions of this Court and our Supreme Court finding the State Commissioner of Motor Vehicles, a Division of Motor Vehicles inspector, school trustees, park commissioners, chief building inspectors, the State Banking Commissioner, the chief of police, and police officers, among others, to be public officials. *Thompson Cadillac-Oldsmobile, Inc. v. Silk Hope Automobile, Inc.*, 87 N.C. App. 467, 471-72, 361 S.E.2d 418, 421 (1987).

Having found the public duty doctrine inapplicable as a defense for defendant Lynch and that a fire chief is a public official, we must next address the liability of defendant Lynch in his official capacity. Generally, "[g]overnmental immunity protects the governmental entity and its officers or employees sued in their 'official capacity.' "

*Taylor v. Ashburn*, 112 N.C. App. at 607, 436 S.E.2d at 279. "Under the doctrine of governmental immunity, . . . [a municipality's] officers or employees sued in their official capacities are immune from suit for torts committed while the officers or employees are performing a governmental function." *Morrison-Tiffin v. Hampton*, 117 N.C. App. 494, 504, 451 S.E.2d 650, 657 (1995). Nevertheless, where a municipality waives its immunity by purchasing liability insurance, "public officers [or employees] are not entitled to the defense of governmental immunity, at least as to the extent of coverage purchased by the municipality." *Moore v. Evans*, 124 N.C. App. 35, 41, 476 S.E.2d 415, 421 (1996). Thus, defendant Lynch's governmental immunity defense, in his official capacity, is waived to the extent of insurance coverage purchased by the Town. However, this does not subject defendant Lynch as a public official to individual liability for ordinary negligence as hereinafter discussed. Further, since the Town is deemed to have waived its immunity to the extent of its insurance coverage, the Town is therefore liable for the negligent acts of its public officials to the extent it has waived its immunity by purchasing insurance.

We next examine defendant Lynch's liability individually. Under the public officers' immunity doctrine, " 'a public official is [generally] immune from personal [or individual] liability for mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties.' " *Schlossberg v. Goins*, 141 N.C. App. 436, 445, 540 S.E.2d 49, 56 (2000) (quoting *Slade v. Vernon*, 110 N.C. App. 422, 428, 429 S.E.2d 744, 747 (1993)). In other words,

> a public official sued individually is not liable for "mere negligence"—because such negligence *standing alone*, is insufficient to support the "piercing" . . . of the cloak of official immunity. *Locus [v. Fayetteville State University]*, 102 N.C. App. [522,] 526, 402 S.E.2d [862,] 865 [1991]; *Reid [v. Roberts]*, 112 N.C. App. [222,] 224, 435 S.E.2d [116,] 119 [1993].

*Epps v. Duke University*, 122 N.C. App. 198, 207, 468 S.E.2d 846, 853 (1996) (emphasis in original). As defendant Lynch was the Fire Chief of the Beaufort Fire Department at all times relevant to this action, defendant Lynch, a public official, was immune from individual liability for mere negligence in the performance of his duties under public officers' immunity. *See Schlossberg*, 141 N.C. App. at 445, 540 S.E.2d at 55.

Plaintiff alleged that defendant Lynch was grossly negligent and his "directives to withhold foam and other appropriate fire fighting methods from the burning [vessel] for two hours were willful, wanton, wrongful, reckless, and without just cause." As a result, defendant Lynch, a public official, can be held individually liable if it is " '. . . proved that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties . . . .' " *Meyer*, 347 N.C. at 112, 489 S.E.2d at 888 (quoting *Smith v. Hefner*, 235 N.C. at 7, 68 S.E.2d at 787 (citations omitted)). The record does not clearly reflect if the trial court made a ruling on whether there remained a question of material fact regarding defendant Lynch's alleged "willful, wanton, wrongful, reckless" conduct which would result in gross negligence. Therefore, we reverse and remand for the trial court to determine whether a material fact remained as to the issue of gross negligence on the part of defendant Lynch individually.

In summary, we hold that pursuant to our Supreme Court's holding in *Lovelace*, the public duty doctrine is no longer available as a defense for the municipal provision of fire protection services, nor is it available to a fire chief. Thus, the Town of Beaufort, by having waived its immunity, is liable for the negligent acts of its public officials to the extent it has waived its immunity by purchasing insurance. We hereby reverse the trial court's grant of summary judgment in favor of the Town and defendant Lynch, in his official capacity as Fire Chief of the Beaufort Fire Department; we also reverse and remand for the trial court to determine whether a material fact remained as to the issue of gross negligence on the part of defendant Lynch, individually.

Reversed and remanded.

Judges WALKER and CAMPBELL concur.