JOHN ANDREW CLAYTON, III, PLAINTIFF V. T.H. BRANSON, INDIVIDUALLY AND IN IIIS OFFICIAL CAPACITY, THE GREENSBORO POLICE DEPARTMENT, AND THE CITY OF GREENSBORO, DEFENDANTS

No. COA02-65

(Filed 15 October 2002)

1. **Public Officers and Employees— police officer—accident while driving—prisoner injured—individual liability— mere negligence**

   The trial court erred by failing to dismiss a claim for mere negligence against a police officer in his individual capacity

CLAYTON v. BRANSON

[153 N.C. App. 488 (2002)]

where plaintiff was injured by colliding with the prisoner shield inside a police car when the car was involved in an accident.

**2. Public Officers and Employees— police officer—accident while driving—prisoner injured—individual liability— gross negligence**

The trial court did not err by denying summary judgment against defendant-officer in his individual capacity on a claim for actions which went beyond mere negligence where plaintiff alleged that the officer placed him in the backseat of a police car without a seatbelt and was operating his vehicle at 70 miles an hour on a city street.

**3. Immunity— waiver—insurance coverage**

A police officer and the city for which he worked waived immunity to the extent of insurance coverage where the city had coverage for liability of more than 2 million but less than 4 million dollars.

**4. Civil Rights— municipality—immunity—section 1983 claim**

A city and its police officer have no defense of governmental immunity to a 42 U.S.C. § 1983 claim that they violated plaintiff's due process and equal protection rights by failing to compensate him for injuries suffered in an accident after his arrest.

Appeal by defendants from judgment entered 28 September 2001 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 18 September 2002.

*Harold F. Greeson, for plaintiff-appellee.*

*Fred T. Hamlet, for defendants-appellants.*

*Pinto Coates Kyre & Brown, PLLC, by Paul D. Coates and Brady A. Yntema, for unnamed defendant-appellee.*

TYSON, Judge.

John A. Clayton, III, (plaintiff) sued T.H. Branson, (Branson), the Greensboro Police Department (defendant police) and the City of Greensboro (defendant city) for negligently injuring plaintiff and negligent construction and installation of prisoner shields in the police cars. Defendants asserted governmental immunity on the grounds that all of the alleged actions were within the performance of a governmental function and there was no waiver of immunity. Defendants

moved for summary judgment which was denied. We affirm in part and reverse in part the ruling of the trial court.

## I. Facts

On 20 December 1994, Branson went to plaintiff's house with a warrant for his arrest for failure to appear in court on 21 November 1994. Plaintiff informed Branson that he had appeared, but Branson advised plaintiff that he was under arrest. Plaintiff, without being placed in handcuffs, walked to Branson's police vehicle and attempted to get into the backseat. Plaintiff could not enter because of the prisoner shield mounted on the back of the front seat. Branson advised plaintiff to stretch his legs across the backseat and lean against the back passenger door. Plaintiff stated he "followed the officer's instructions word for word." Because of the way he was seated, plaintiff claims he was unable to wear a seatbelt. Plaintiff's father followed Branson and plaintiff in a separate vehicle.

According to plaintiff, Branson was speeding on Lawndale Drive when Branson realized a vehicle had stopped in front of him waiting to turn left. To avoid a collision, Branson slammed the brakes and swerved to the right. Plaintiff was thrown forward into the prisoner shield hitting his face, shoulder, and knee and twisting his body and back severely. After being released from the magistrate's office, plaintiff's father took him to the emergency room. Plaintiff has undergone three surgeries on his back because of his injuries.

Plaintiff filed suit against Branson both individually and in his official capacity for compensation for plaintiff's injuries. Plaintiff asserted multiple claims against defendant city: (1) imputed liability for the negligence of Branson; (2) direct liability for negligently fabricating and installing the prisoner shields; and (3) a 42 U.S.C. § 1983 claim based on the alleged custom and policy of defendant city of waiving governmental immunity and paying claims for damages to tort claimants similar to plaintiff. Defendants moved for summary judgment claiming sovereign immunity. The trial court found that defendant police was not an entity that could be sued separately and ordered dismissal. Plaintiff does not contest this dismissal.

The trial court also found and concluded:

1. The City of Greensboro has not waived governmental immunity by participation in a Local Government Risk Pool under the provisions of N.C.G.S. 58-23-5.

2. The City has purchased liability insurance for liability of more than $2 million but less than $4 million and has therefore waived its governmental immunity as to liability falling within that range, but has not waived its governmental immunity for amounts of liability less than $2 million dollars by the purchase of liability insurance.

3. The City's alleged fabrication and installation of prisoner shields in Greensboro Police cars is a governmental function, and not a proprietary function as alleged in the Plaintiff's Complaint.

The Court finds that Plaintiff has forecast evidence sufficient to show a genuine issue of material fact as to whether Defendant Branson exceeded the scope of his official authority and as to whether Defendant Branson engaged in wilful and wanton conduct. Therefore, Defendant Branson's Motion for Summary Judgment based on his claim of official immunity, both in his individual and official capacities, is denied.

Further, Plaintiff has forecast evidence which, based upon prevailing law, shows a genuine issue of material fact as to whether the City of Greensboro has deprived Plaintiff of his due process and equal protection rights under both the United States and North Carolina Constitutions by claiming governmental immunity as to Plaintiff while waiving governmental immunity and paying the claims of others similarly situated to Plaintiff. The City's Motion for Summary Judgment is therefore denied.

Defendants appeal.

## II. Issues

Defendants assign as error the trial court's order (1) denying defendants' motion for summary judgment as to Branson and defendant city and (2) finding that defendant city waived immunity by paying claims to those similarly situated to plaintiff.

## III. Standard of Review

The denial of a motion for summary judgment is interlocutory and is not generally appealable. *Slade v. Vernon*, 110 N.C. App. 422, 425, 429 S.E.2d 744, 745 (1993). Where the summary judgment motion was based on a substantial claim of immunity, a party may immediately appeal the denial of summary judgment. *Id.* at 425,

429 S.E.2d at 746. Defendants assert a claim of sovereign immunity. We address only the issue of whether these claims are barred by sovereign immunity.

## IV. Summary Judgment as to Branson in his individual capacity

### A. Negligence Claim

**[1]** "[P]ublic officials cannot be held individually liable for damages caused by mere negligence in the performance of their governmental or discretionary duties." *Willis v. Town of Beaufort*, 143 N.C. App. 106, 110, 544 S.E.2d 600, 604, *disc. rev. denied*, 354 N.C. 371, 555 S.E.2d 280 (2001) (*quoting Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997)). Police officers are public officials. *Id.* at 111, 544 S.E.2d at 605; *State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965). Branson was carrying out his official duties of serving a warrant and transporting plaintiff to the magistrate's office at the time of the incident. Branson is not individually liable for damages allegedly caused by mere negligence. Any claims against Branson individually for negligence should have been dismissed. The trial court erred in failing to dismiss plaintiff's claim for mere negligence against Branson.

### B. Gross Negligence and Willful and Wanton Misconduct

**[2]** A public official can be held individually liable if it is " 'prove[n] that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties.' " *Meyer*, 347 N.C. at 112, 489 S.E.2d at 888 (citations omitted). Plaintiff alleged that Branson was grossly negligent and engaged in wilful and wanton misconduct that placed him outside the scope of his official duties.

Gross negligence in motor vehicle accidents has been limited to situations where at least one of three factors is present "(1) defendant is intoxicated; (2) defendant is driving at excessive speeds; or (3) defendant is engaged in a racing competition." *Yancey v. Lea*, 354 N.C. 48, 53-54, 550 S.E.2d 155, 158 (2001) (citations omitted). An act arises to the level of gross negligence when it is done "purposely and with knowledge that such act is a breach of duty to others, i.e., a *conscious* disregard of the safety of others." *Id.* at 53, 550 S.E.2d at 158. Plaintiff alleged that Branson placed him in the backseat without a seatbelt to use and was operating his vehicle in heavy traffic at speeds up to 70 miles an hour, on a city street with a speed limit of 35

miles per hour. The determination of whether gross negligence exists is a question of fact for a jury to determine. *Phillips v. Restaurant Mgmt. of Carolina, L.P.*, 146 N.C. App. 203, 215, 552 S.E.2d 686, 694 (2001), *disc. rev. denied*, 355 N.C. 214, 560 S.E.2d 132 (2002). The trial court found that whether Branson acted outside the scope of his duties by acting in such a manner was a question of material fact. We affirm the trial court's denial of summary judgment against Branson in his individual capacity for actions allegedly outside the scope of his duties and which go beyond mere negligence.

## V. Waiver through Purchase of Insurance

**[3]** A municipality and its agents are immune from liability for the torts of its officers and employees "if the torts are committed while they are performing a governmental function." *Williams v. Holsclaw*, 128 N.C. App. 205, 208, 495 S.E.2d 166, 168, *aff'd*, 349 N.C. 225, 504 S.E.2d 784 (1998) (*quoting Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 278 (1993), *disc. rev. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994)). "Law enforcement is well established as a governmental function." *Id.* (*citing Hare v. Butler,* 99 N.C. App. 693, 698, 394 S.E.2d 231, 235, *disc. rev. denied*, 327 N.C. 634, 399 S.E.2d 121 (1990)). An officer acting in his official capacity shares the municipalities immunity or waiver. *Taylor*, 112 N.C. App. at 608, 436 S.E.2d at 279.

Immunity is waived to the extent that the municipality is indemnified by an insurance contract or a local government risk pool. *Willis*, 143 N.C. App. at 110, 544 S.E.2d at 604; N.C. Gen. Stat. § 160A-485 (2001). The trial court found that "the City of Greensboro has not waived governmental immunity by participation in a Local Government Risk Pool under the provisions of N.C.G.S. 58-23-5." It further found that "the purchase of liability insurance for liability of more than $2 million but less than $4 million" did not waive its immunity for liability less than $2 million. These findings are uncontested. Plaintiff alleges that damages could exceed $3 million in this case, placing it within the limits of the policy. To the extent that defendant city has purchased liability insurance coverage, immunity is waived. Branson, in his official capacity, has also waived immunity to the extent of the insurance coverage.

## VI. 42 U.S.C. § 1983 Claim

**[4]** The trial court found that there was "a genuine issue of material fact as to whether the City of Greensboro has deprived Plaintiff of his due process and equal protection rights under both the United States

and North Carolina Constitutions by claiming governmental immunity as to Plaintiff while waiving governmental immunity and paying the claims of others similarly situated to Plaintiff."

"It is well settled that a municipal entity has no claim to immunity in a section 1983 suit." *Moore v. City of Creedmoor*, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (*citing Owen v. City of Independence*, 445 U.S. 622, 657, 63 L. Ed. 2d 673, 697 (1980)). As defendants have no defense of governmental immunity against the § 1983 claim, we affirm the trial court's denial of summary judgment as to plaintiff's § 1983 claim on the grounds of governmental immunity. Any other grounds of appeal of the trial court's denial of summary judgment are interlocutory and are not properly before this Court.

## VII. Conclusion

The trial court erred in denying summary judgment as to claims of mere negligence against Branson in his individual capacity. That portion of the trial court's order is reversed. We affirm the trial court's denial of summary judgment as to Branson in his individual capacity for actions allegedly outside the scope of his duties. We affirm the trial court's denial of summary judgment as to defendant city to the extent it waived sovereign immunity by the purchase of insurance.

Affirmed in part, reversed in part, and remanded for further proceedings.

Judges McCULLOUGH and BRYANT concur.