IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-415

Filed: 5 May 2020

Jackson County, No. 18CVD776

RACHEL QUACKENBUSH, Plaintiff

v.

KENNETH GROAT, Defendant.

Appeal by plaintiff from order entered 19 December 2018 by Judge Donna F. Forga in District Court, Jackson County. Heard in the Court of Appeals 30 October 2019.

> *Legal Aid of North Carolina, Inc., by Elysia Prendergast Jones, Suzanne Saucier, Devin Trego, TeAndra Miller and Celia Pistolis, for plaintiff-appellant.*
>
> *No brief filed for defendant-appellee.*

STROUD, Judge.

Plaintiff appeals the dismissal of her complaint for a domestic violence protective order against defendant. Because the plaintiff's complaint, including the attached sheets filed with the complaint, stated sufficient factual allegations to establish a claim under Chapter 50B, the trial court erred by granting defendant's motion to dismiss the complaint. We reverse the trial court's order of dismissal and remand for further proceedings.

I.    Background

On 13 December 2018, plaintiff filed a "COMPLAINT AND MOTION FOR DOMESTIC VIOLENCE PROTECTIVE ORDER" against her husband, defendant. Plaintiff alleged that defendant had been verbally abusive to her and her children and her daughter had disclosed sexual abuse committed by defendant to a school counselor. The same day plaintiff's complaint was filed, an *ex parte* domestic violence protection order ("DVPO") was entered ordering defendant to stay away from the home and the children's schools. A hearing was scheduled for 19 December 2018 for consideration of entry of a DVPO.

On 19 December 2018, when the case was called for hearing on return of the *ex parte* order, defendant's attorney made an oral motion to dismiss the plaintiff's complaint under North Carolina General Statute § 1A-1, Rule 12(b)(6) and this Court's case of *Martin v. Martin*, ___ N.C. App. ___, 822 S.E.2d 756 (2018).[1] *Martin* was filed 18 December 2018, and the hearing in this case was conducted on 19 December 2018, but on 8 February 2019, a petition for rehearing was allowed, and on 16 July 2019 a new opinion was issued superseding the former version of the opinion upon which the trial court relied. *See Martin v. Martin*, ___ N.C. App. ___, ___, 832 S.E.2d 191, 194-95 (2019). Based upon the former *Martin* opinion, the trial court dismissed plaintiff's complaint for "due process" violations against defendant because plaintiff's allegations were not specific enough. Plaintiff appeals.

---

[1] *Martin* is not identified by name but from the context of the transcript, which is eleven pages in its entirety, it is clear defendant's counsel and the trial court were referring to *Martin*.

II.     Standard of Review

Plaintiff contends that the trial court erred in granting defendant's motion to dismiss her complaint.

> The standard of review of an order dismissing a complaint for failure to state a claim upon which relief can be granted, G.S. § 1A–1, Rule 12(b)(6), is to determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. A complaint may be dismissed pursuant to Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim.

*Hargrove v. Billings & Garrett, Inc.*, 137 N.C. App. 759, 760–61, 529 S.E.2d 693, 694 (2000) (citations and quotation marks omitted).

III.     Attachments to Form Complaint

Because the trial court's dismissal of plaintiff's complaint was based upon defendant's motion to dismiss based upon a lack of sufficient detail in the allegations of domestic violence, we will address plaintiff's second issue on appeal first, regarding whether the trial court erred by failing to consider several pages of attachments to the complaint.

The order dismissing plaintiff's claim was on the form "Domestic Violence Order of Protection" AOC-CV-305 Rev 12/15. (Original in all caps.). Only conclusion of law number 5 was marked: "The plaintiff has failed to prove the grounds for issuance of a domestic violence protective order." But no evidentiary hearing was

held, and the trial court clearly dismissed the complaint based upon defendant's oral motion to dismiss[2] when defendant argued,

> It has to be in the body of the Complaint. It doesn't say -- like Paragraph 4 doesn't say "see additional" -- like I understand you run out of room. But it doesn't say that. So these aren't necessarily verified Pleadings within that. These are just email attachments or documents that have been stapled to the back of a page. And even by then, they fail. But like Paragraph 4 which lists out what happened, it has a period, not "see Attachment 1, 2, 3 and 4." The same with No. 5. The problem with those is that I don't even know what these attachments are. Are they sworn to? Are they verified? I have no idea.

In rendering the ruling, the trial court stated its rationale as follows:

> COURT: And again, there's nothing in the Complaint referencing those attachments?
>
> MS. HUGHES: Yes, your Honor.
>
> COURT: Okay. Then based on the Court of Appeals last case[3] which stated "it's clear that the plaintiff/wife testified several alleged actions of domestic violence that were not pleaded in her Complaint, the Court held that that -- that the protection order against the defendant was remanded to the trial for further proceedings consistent with the holding, that they hold that the admission of testimony of domestic violence not otherwise pleaded in the Complaint in a motion for domestic violence protective order violates the defendant's rights to due process." So based on that violation of the defendant's rights to due process, your motion to dismiss is allowed.

---

[2] Defendant's filed answer did not include a motion to dismiss based upon Rule 12(b)(6), but it was *signed* on 17 December 2018, one day before *Martin* was issued. (Emphasis added.)

[3] The trial court was referring to *Martin* issued the previous day.

Plaintiff filed her complaint *pro se* and it was handwritten on the form AOC-CV-303 "COMPLAINT AND MOTION FOR DOMESTIC VIOLENCE PROTECTIVE ORDER[.]" At the top of the form, just below the case caption and preceding the numbered paragraphs of the allegations of the complaint, the form includes instructions as follows: "Check only boxes that apply and fill in the blanks. *Additional sheets may be attached.*" (Emphasis added). Plaintiff marked the boxes numbered 4, 5, 6, 7, 8 and 11, and she wrote some allegations in the provided blank lines for all but paragraph 6, which has no blank for additional information. There were twelve additional sheets attached to the complaint, with detailed allegations of dates and events.

The additional pages were also file-stamped along with complaint on 13 December 2018.[4] The attached pages included three pages of notes as to specific dates and details of the allegations in the complaint, a domestic violence victim's statement, a safety assessment, and a safety agreement. The attached pages noted the paragraphs of the form complaint to which the information on that page related. The first three pages of the attachment each have "#4" handwritten at the top and are typed notes with dates and times and detailed allegations of instances of defendant

---

[4] The first page of the complaint and the Servicemembers Civil Relief Act Affidavit were file-stamped at 2:43 pm and the first page of the attachments at 2:45 pm. The Affidavit of Status of Minor Child was stamped at 3:15 pm.

getting upset because plaintiff would not have sex with him and pushing her; of defendant yelling at Tamara[5] in Wendy's, where he sat by himself and then threw a hamburger at Tamara; and of several other instances of alleged verbal abuse of plaintiff. The next page has "#5" written at the top and is a form entitled "Domestic Violence Victims Statement[,]" with handwritten allegations and signed by plaintiff on 13 December 2018, and the following page, also noted as "#5" is the first page of a six-page "North Carolina Safety Assessment" dated 12 December 2018, regarding the report to the Department of Social Services of alleged sexual abuse of Tamara by defendant. Plaintiff's complaint was sworn and subscribed before the Assistant Clerk of Superior Court.[6] The trial court issued an "Ex Parte Domestic Violence Order of Protection[,]" (original in all caps), and the findings in the *ex parte* order included information from the attachments to the complaint. The summons and complaint were served on Defendant on 14 December 2018, and on 19 December 2018 he filed an answer in which he admitted some allegations, denied others, and requested that plaintiff's complaint be dismissed.

While plaintiff did not use legalese in her complaint, the attachments were included with the filed complaint and the purpose of each attachment was obvious by

---

[5] We have used pseudonyms for the minor children.

[6] The form complaint includes language and signature blocks for verification under oath, although North Carolina General Statute § 50B-2 does *not require* that the complaint be "sworn to" or "verified" as argued by defendant's counsel before the trial court. *See* N.C. Gen. Stat. § 50B-2(a) (2017)

the numbers on the attached pages. Defendant did *not* contend to the trial court that he did not receive the attached pages with the filed complaint or that they were added after the complaint was filed. Defendant's argument was simply that the form complaint did not state "see [a]ttachment" or "see additional[.]" But even a brief examination of the complaint reveals that the numbered attachments each relate to a particular paragraph number in the form complaint. For example, as noted, the pages of the attachments with the large "#4" at the top are providing further detail to paragraph 4 on the complaint form about defendant being verbally abusive to her and the children.

The Rules of Civil Procedure require notice pleading, with a policy "to resolve controversies on the merits . . . rather than on technicalities of pleading." *Smith v. City of Charlotte*, 79 N.C. App. 517, 528, 339 S.E.2d 844, 851 (1986).

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Harris v. Maready*, 311 N.C. 536, 544, 319 S.E.2d 912, 917–18 (1984) (citation and ellipses omitted).

The better practice would be for plaintiff to note on the form complaint that additional pages are attached, but the complaint as filed included the attachments

and made the purpose of the attached pages clear. From defendant's argument to the trial court, there is no question defendant received the full complaint, with all attached pages, and he knew what they meant. It is not entirely clear whether the trial court considered the attached pages, although it appears from the colloquy at the hearing the trial court accepted defendant's argument that they should not be considered for purposes of the motion to dismiss. But all of the pages of the complaint, including the attached pages, were part of the complaint when it was filed; the trial court considered all of the pages when issuing the *ex parte* order; and defendant was served with the entire complaint. We will consider all of the pages for purposes of this appeal.

IV.    Motion to Dismiss

North Carolina General Statute § 50B-2(a) sets forth the requirements for a complaint seeking a DVPO:

> Any person residing in this State may seek relief under this Chapter by filing a civil action or by filing a motion in any existing action filed under Chapter 50 of the General Statutes *alleging acts of domestic violence against himself or herself or a minor child who resides with or is in the custody of such person.*

N.C. Gen. Stat. § 50B-2(a) (2017) (emphasis added). Allegations of domestic violence include

> the commission of one or more of the following acts upon an aggrieved party or upon a minor child residing with or in the custody of the aggrieved party by a person with

whom the aggrieved party has or has had a personal relationship, but does not include acts of self-defense:
> (1)  Attempting to cause bodily injury, or intentionally causing bodily injury; or
> (2)  Placing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury or continued harassment, as defined in G.S. 14-277.3A, that rises to such a level as to inflict substantial emotional distress; or
> (3) Committing any act defined in G.S. 14-27.21 through G.S. 14-27.33.

N.C. Gen. Stat. § 50B-1 (2017).

Before the trial court, defendant made an oral motion to dismiss based upon Rule 12(b)(6) and contended that based on *Martin v. Martin*, ___ N.C. App. ___, 822 S.E.2d 756 plaintiff's allegations were not sufficiently specific to afford defendant due process. The trial court agreed. Again, *Martin* was filed 18 December 2018, and the hearing in this case was conducted on 19 December 2018, but on 8 February 2019, a petition for rehearing was allowed, and on 16 July 2019 a new opinion was issued superseding the former version of the opinion upon which the trial court relied. *See Martin v. Martin*, ___ N.C. App. ____, 832 S.E.2d 191, 194-95 (2019).

The issue presented in *Martin* was *not* whether the plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, and the defendant in *Martin* did not contend the complaint failed to state a claim upon which relief may be granted. *See generally Martin*, ___ N.C. App. ___, 832 S.E.2d 191. Thus, *Martin* did *not* involve a motion to dismiss the complaint for failure to state a claim. *See id.* The

specific relevant issue in *Martin* was whether "the trial court erred by . . . allowing Plaintiff-Wife to present evidence of alleged incidents of domestic violence of which Defendant-Husband did not receive notice before trial, in violation of his due process rights[.]"[7] *Id.* at ___ 832 S.E.2d at 195. In *Martin*, the trial court held a hearing on the domestic violence claim, and the defendant objected to admission of evidence regarding some incidents of domestic violence which he claimed were not plead and of which he did not have sufficient notice to defend himself. *See id.* at ___, 832 S.E.2d at 196. This Court determined that the trial court should not have based a finding of domestic violence solely on evidence presented by the plaintiff at trial which she had not mentioned in the complaint, based upon defendant's objection to that evidence at trial. *See id.* at ___, 832 S.E.2d at 196-97.[8]

Although *Martin* does not directly address a ruling on a motion to dismiss under Rule 12(b)(6), it does note that a complaint under Chapter 50B is subject to the same standards of notice pleading as any other claim:

> North Carolina remains a notice-pleading state, which means that a pleading filed in this state must contain a short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of

---

[7] In context, the word "alleged" is referring to the wife's allegations in her trial testimony. There was no question she did not "allege" certain specific acts in the complaint as she did in her testimony; this was the basis of husband's objection. *Martin*, ___ N.C. App. at ___, 832 S.E.2d at 196.

[8] To the extent the defendant did not object to the plaintiff's testimony of other incidents of domestic violence not specifically mentioned in her complaint, this Court held the husband had waived review of the issue. *See Martin,* ___ N.C. App. at ___, 832 S.E.2d at 196-97.

transactions or occurrences, intended to be proved showing
that the pleader is entitled to relief. A complaint is
adequate, under notice pleading, if it gives a defendant
sufficient notice of the nature and basis of the plaintiff's
claim and allows the defendant to answer and prepare for
trial. While Rule 8 does not require detailed fact pleading,
it does require a certain degree of specificity, and sufficient
detail must be given so that the defendant and the Court
can obtain a fair idea of what the plaintiff is complaining,
and can see that there is some basis for relief.

*Id.* at ___, 832 S.E.2d at 195 (citations, quotation marks, ellipses, and brackets
omitted).

Focusing now on plaintiff's last two arguments regarding the sufficiency of her
claim for purposes of Rule 12(b)(6) and notice pleading, we turn to her complaint.
Plaintiff alleged that defendant was "verbally abusive to [her] and [her] children" and
her daughter had reported "allegations of sexual abuse committed by" defendant to
her school counselor. The complaint gave additional details regarding some of the
alleged acts of abuse, with sufficient detail "so that the defendant and the Court can
obtain a fair idea of what the plaintiff is complaining, and can see that there is some
basis for relief." *Id.* at ___, 832 S.E.2d at 195. Plaintiff's allegations state a claim
upon which relief may be granted as they are allegations of domestic violence against
her and her children. *See* N.C. Gen. Stat. §§ 1A-1, Rule 12(b)(6); 50B-1, -2. *See
generally* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6); *Martin*, ___ N.C. App. ___, 832 S.E.2d
at 195. Therefore, we reverse and remand.

V.    Conclusion

- 11 -

Because plaintiff's complaint alleged facts sufficient to state a claim for relief under Chapter 50B, we reverse the trial court's order dismissing the claim and remand for further proceedings.

REVERSED and REMANDED.

Judges ZACHARY and MURPHY concur.