# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-443
Lower Tribunal No. 12-21849
_____

**Osvaldo De Leon,**
Appellant,

vs.

**Yohusy Collazo,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Leon M Firtel, Judge.

David W. Macey and Lindsey M. Alter, for appellant.

Restivo, Reilly & Vigil-Farinas and Jessica B. Reilly (Key Largo), for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Osvaldo De Leon seeks review of a permanent injunction for protection against domestic violence issued in favor of Yohusy Collazo. At the final hearing, the trial court permitted Ms. Collazo, over objection, to testify to substantial and significant acts of domestic violence that were never pleaded in the petition. Nor was Mr. De Leon on notice that these additional acts would form a part of the allegations relied upon by Ms. Collazo at the final hearing as a basis for seeking a permanent injunction. We hold that the erroneous admission and consideration of this evidence violated Mr. De Leon's due process rights, vacate the permanent injunction, and remand for the trial court to conduct a new final hearing.

**FACTS AND BACKGROUND**

Mr. De Leon and Ms. Collazo were in a relationship from 1997 through 2010. During this time, they had three children together. In September 2010, Ms. Collazo filed her sworn petition for injunction for protection against domestic violence. The petition included several pages of specific allegations detailing abusive conduct by Mr. De Leon over the course of their relationship.

The trial court granted an ex-parte temporary injunction on September 24, 2010, and the temporary injunction was extended several times until a final hearing in June 2013. At the final hearing, Ms. Collazo testified to a number of acts and events that were not included in her sworn petition. Among the unpled acts, Ms. Collazo testified that:

2

1. Mr. De Leon would slap her in the face or head, which escalated into Mr. De Leon punching her in the face and leaving her with black eyes;[1]

2. During one of Ms. Collazo's pregnancies, Mr. De Leon punched Ms. Collazo, knocking her to the floor of their kitchen and then kicking her in the stomach;

3. Mr. De Leon once punched Ms. Collazo in the mouth, splitting her lip so badly that it required stitches, and leaving a permanent scar;

4. Ms. Collazo filed a private dependency case because Mr. De Leon was "being abusive with the children."[2]

5. Ms. Collazo suffered several miscarriages because Mr. De Leon terminated her pregnancies with his "dark powers."

6. Mr. De Leon stated he "was going to kill" Ms. Collazo because she was leaving him.

Mr. De Leon objected and moved to strike all of the above testimony because it had never been pleaded in the petition, and Mr. De Leon had never been placed on notice of these allegations. The trial court overruled the objection and

---

[1] Although Ms. Collazo did aver in her petition that Mr. De Leon had hit her in the past, she never alleged that Mr. De Leon ever punched her in the face or left her with black eyes. To the contrary, Ms. Collazo averred in her petition that Mr. De Leon would hit her only in areas where bruises and injuries would not be visible.

[2] This final hearing testimony contradicted the allegations of the petition, in which Ms. Collazo did not allege any incidents of child abuse; the petition also indicated that, although the children were at home when incidents of domestic violence occurred there, the children did not witness the domestic violence taking place.

admitted the testimony. The trial court subsequently entered a permanent injunction[3] and Mr. De Leon appeals, contending that the trial court improperly admitted and considered testimony regarding these acts, all of which allegedly occurred before the date of the filing of the petition, but none of which were included as allegations in support of the sworn petition. We agree.

## ANALYSIS

"Procedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue." Dep't of Law Enf't v. Real Prop., 588 So. 2d 957, 960 (Fla. 1991). It requires that litigants be given proper notice and a full and fair opportunity to be heard. To be sufficient, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

---

[3]At the conclusion of the evidentiary hearing, the trial court did not immediately enter the permanent injunction, but extended the existing temporary injunction and entered the permanent injunction at a subsequent hearing. Ms. Collazo contends that Mr. De Leon was required to seek interlocutory review, because the extension of the temporary injunction was an appealable nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Ms. Collazo further contends that Mr. De Leon's failure to seek interlocutory review of that nonfinal order precludes him from appealing this issue upon the rendition of a final judgment of permanent injunction. This argument is simply without merit. Mr. De Leon was not required to seek interlocutory review of the order extending the temporary injunction, and the failure to seek interlocutory review does not preclude review of that nonfinal order following entry of final judgment. Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So. 2d 146 (Fla. 3d DCA 2002); United Auto. Ins. Co. v. Buchalter, 14 So. 3d 1100 (Fla. 4th DCA 2009); Fireboard Corp. v. Ward, 455 So. 2d 1151 (Fla. 1st DCA 1984).

4

present their objections. The notice must . . . convey the required information, and it must afford a reasonable time for those interested to make their appearance." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)(internal citations omitted). Adequate notice must therefore provide "some indication of the witnesses to be called and the evidence to be utilized to prove entitlement to relief." Town of Jupiter v. Andreff, 656 So. 2d 1374, 1377 (Fla. 1st DCA 1995).

To that end, section 741.30(3)(a), Florida Statutes (2012) provides:

The sworn petition shall allege the existence of such domestic violence and shall include the specific facts and circumstances upon the basis of which relief is sought.  (Emphasis added.)

Although the sworn petition did contain a number of specific allegations of domestic violence, it did not contain the six acts and events described above. The trial court erred in admitting this testimony over Mr. De Leon's objection, and the admission and consideration of these significant and substantial–but unpled– allegations deprived Mr. De Leon of his right to due process, because he was given neither notice of the allegations upon which Ms. Collazo sought relief, nor a full and fair opportunity to prepare to meet those allegations. Sanchez v. Marin, 138 So. 3d 1165 (Fla. 3d DCA 2014).

Ms. Collazo argues that we should affirm, based on the fact that the record fails to indicate that the trial court relied upon these unpled allegations in making its determination. Such an argument fails to carry the day, as it erroneously

implies that Mr. De Leon has the burden of establishing that the trial court in fact relied upon this improperly-admitted testimony. Under these circumstances, however, Ms. Collazo has the burden of establishing that the trial court did not rely upon this improperly-admitted testimony in granting the permanent injunction. Petion v. State, 48 So. 3d 726 (Fla. 2010). In Petion, the Florida Supreme Court held:

> When an appellate court is reviewing a bench trial, it should presume that the trial court judge rested its judgment on admissible evidence and disregarded inadmissible evidence, unless the record demonstrates that the presumption is rebutted through a specific finding of admissibility or another statement that demonstrates the trial court relied on the inadmissible evidence. When improper evidence is admitted over objection in this context, the trial court must make an express statement on the record that the erroneously admitted evidence did not contribute to the final determination. Otherwise, the appellate court cannot presume the trial court disregarded evidence that was specifically admitted as proper.

> Id. at 737-38.

This court relied on Petion in deciding E.M. v. State, 61 So. 3d 1255 (Fla. 3d DCA 2011). In E.M., the trial court improperly admitted testimony from the arresting officer during a juvenile delinquency adjudicatory hearing. On appeal, the State conceded the testimony was improperly admitted but argued that because it was a nonjury trial, the appellate court could presume that the trial court disregarded this inadmissible evidence and relied only upon admissible evidence in adjudicating E.M. delinquent. We reversed, holding:

6

> Where, as here, the court below admits improper evidence over objection and then fails to state on the record that it is not relying on that erroneously admitted evidence in making its determination, this court may not presume that evidence was disregarded[.]

Id. at 1257.

## CONCLUSION

In the instant case, the trial court improperly admitted significant and substantial testimony of Ms. Collazo regarding unpled allegations of domestic violence committed upon her by Mr. De Leon. Because Mr. De Leon objected and the trial court overruled the objection, we cannot presume that this improperly-admitted evidence was disregarded by the trial court. Rather, the burden is on Ms. Collazo to establish that the trial court did not consider or rely upon this improperly-admitted evidence in granting the petition and issuing the permanent injunction. Ms. Collazo has not met this burden, and we are unable to conclude that the erroneous admission of this evidence did not contribute to the trial court's determination.

We reverse and remand with directions to vacate the permanent injunction, reissue the temporary injunction, and conduct a new final hearing, either upon the existing petition or upon any properly amended petition. See Sanchez 138 So. 3d at 1169. Given our determination of this issue, it is not necessary to reach the other issue raised by Mr. De Leon.

7