TYSON, Judge.
 

 *323
 
 Defendant, Stephen J. Harrell, appeals from the trial court's order, which denied his motion to dismiss Ashley Mannise's complaint ("Plaintiff"). We reverse the trial court's order.
 

 I. Background
 

 Plaintiff and Defendant are the unmarried parents of a child, who was five years old when this action commenced. On 8 September 2015, Plaintiff filed a
 
 pro se
 
 Complaint and Motion for a Chapter 50B Domestic Violence Protective Order in the Harnett County District Court. Plaintiff asserted she was a resident of Harnett County. She listed Defendant's address in Butler, Pennsylvania.
 

 Plaintiff alleged Defendant had threatened her life on 6 September 2015, two days prior to the filing of the complaint, because she was "moving out of state with [their] son." She asserted Defendant had hit her, yelled at her, and made her cry in front of the child in the past. Plaintiff also alleged Defendant had beat her with a chair and chased her around the house with a gun in October 2013, while her children were present. Plaintiff's complaint does not allege she was a resident of North Carolina at the time of any of these allegations, or any actions took place while she or Defendant were physically present in North Carolina.
 

 An Affidavit as to Status of Minor Child was attached to the complaint. The affidavit states the parties' child resided with Plaintiff in Pennsylvania from August 2012 until September 2015, and with Plaintiff in Lillington, North Carolina from 6 September 2015 until the filing of the complaint two days later.
 

 Based upon these allegations, the trial court issued an Ex Parte Domestic Violence Order of Protection on 8 September 2015.
 
 See
 
 N.C. Gen. Stat. § 50B-2(c)(5) (2015) ("Upon the issuance of an ex parte order under this subsection, a hearing shall be held within 10 days from the date of issuance of the order or within seven days from the date of service of process on the other party, whichever occurs later.").
 

 The trial court found Defendant had placed Plaintiff in fear of imminent serious bodily injury on 6 September 2015. The court stated, "[t]he
 
 *324
 
 allegations in the Complaint are incorporated herein by reference." The court did not make any factual findings that any of the alleged events occurred within North Carolina, or while Plaintiff was a resident of North Carolina.
 

 On 15 September 2015, Defendant filed a motion pursuant to Rules 12(b)(1) and 12(b)(2) to dismiss Plaintiff's complaint. Defendant argued the trial court did not have personal jurisdiction over him under Rule 12(b)(2), because he did not live in North Carolina during any times referenced in the complaint, and had not taken any action to subject himself to the jurisdiction of the North Carolina courts. Defendant also asserted Plaintiff failed to allege Defendant had taken any action or made any contacts while either party was physically present in North Carolina.
 

 Defendant's motion also alleged the trial court lacked subject matter jurisdiction under Rule 12(b)(1). He argued Plaintiff made no allegations regarding any actions by Defendant within North Carolina, or any injury she suffered while in North Carolina.
 

 In support of his motion to dismiss, Defendant filed an affidavit and stated he was a resident of North Carolina from 1998 until August 2012. Plaintiff and Defendant both moved together to Pennsylvania in August 2012, where they resided together until November 2013, when they ended their relationship. Defendant's affidavit states he has not been a resident of North Carolina since August 2012, when he became a resident of Pennsylvania.
 

 On 26 October 2015, the trial court denied Defendant's motion to dismiss, and concluded North Carolina's courts have personal and subject matter jurisdiction over the parties. Even if personal jurisdiction is lacking, the court concluded Defendant's motion to dismiss should be denied "to the extent that the plaintiff should be allowed to seek a prohibitory order serving to protect her from further
 
 *656
 
 acts of domestic violence but without any provisions requiring the defendant to undertake any actions." Defendant appeals.
 

 II. Issues
 

 Defendant argues the trial court erred by denying his motions to dismiss Plaintiff's complaint, where the trial court lacked personal and subject matter jurisdiction.
 

 III. Notice of Appeal
 

 Neither party has raised an issue regarding Defendant's notice of appeal. Defendant's motion to dismiss was heard and orally ruled upon
 
 *325
 
 on 15 September 2015. Thereafter, on 7 October 2015, Defendant filed notice of appeal. The trial court's written order was signed and filed on 26 October 2015, more than a month after Defendant had filed notice of appeal. Defendant did not file an amended notice of appeal. The trial court's order states, "Date Entered: 15 September 2015[,] Date Signed: 26 October 2015." Defendant filed notice of appeal subsequent to the date the order was orally rendered, but before the order was reduced to writing, filed, and entered.
 

 Rule 3 of the North Carolina Rules of Appellate Procedure governs the notice of appeal in civil cases. The rule provides the appellant must file and serve notice of appeal "within thirty days after
 
 entry
 
 of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure," or "within thirty days after
 
 service
 
 upon the party of a copy of the judgment if service was not made within that three day period[.]" N.C. R. App. P. 3(c)(1) and (2) (2015) (emphasis supplied).
 

 In civil cases, a judgment is "entered" when it is "reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2015). " 'When [the trial court's] oral order is not reduced to writing, it is non-existent and thus cannot support an appeal.' "
 
 Griffith v. N.C. Dep't of Corr.
 
 ,
 
 210 N.C.App. 544
 
 , 549,
 
 709 S.E.2d 412
 
 , 416-17 (2011) (quoting
 
 Olson v. McMillian
 
 ,
 
 144 N.C.App. 615
 
 , 619,
 
 548 S.E.2d 571
 
 , 574 (2001) ). " 'The announcement of judgment in open court is the mere rendering of judgment, not the entry of judgment. The entry of judgment is the event which vests this Court with jurisdiction.' "
 
 Id
 
 . at 549,
 
 709 S.E.2d at 417
 
 (quoting
 
 Worsham v. Richbourg's Sales & Rentals
 
 ,
 
 124 N.C.App. 782
 
 , 784,
 
 478 S.E.2d 649
 
 , 650 (1996) ).
 

 Here, the trial court's order was "entered" when it was reduced to writing, signed, and filed with the clerk of court on 26 October 2015. An entered order did not exist when Defendant filed notice of appeal on 7 October 2015.
 
 See
 
 id.
 

 Defendant did not file a subsequent or amended notice of appeal following entry of the order.
 

 On 13 October 2015, the trial court entered the following order: "Defendant filed a Notice of Appeal on 10-7-2015 as to the Court overruling defendant's Motion to Dismiss on 9-15-2015 (oral rendering). Although the written order has not been signed, defendant's intention is clear and the parties agree to continue the case to 2-2-2016." Defendant has failed to take timely action to perfect his appeal pursuant to Appellate Rule 3, and his appeal is not properly before this Court. N.C. R. App. P. 3(c).
 

 *326
 
 "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a) (2015). Defendant has not filed a petition for writ of certiorari.
 

 In the exercise of our discretion, we invoke Rule 2 to suspend the Rules of Appellate Procedure, treat Defendant's notice of appeal and brief as a petition for the issuance of a writ of certiorari to review the issues Defendant has raised in his brief, and issue the writ. N.C. R. App. P. 2 ;
 
 see
 

 Newcomb v. Cnty. of Carteret
 
 ,
 
 207 N.C.App. 527
 
 , 545,
 
 701 S.E.2d 325
 
 , 338-39 (2010) (electing to treat the record and briefs as a petition for the issuance of a writ of certiorari where consideration of the issue on the merits would expedite the ultimate disposition of the case).
 

 IV. Interlocutory Appeal
 

 Plaintiff instituted this purported action on 8 September 2015 by the filing of a complaint and motion for a Chapter 50B
 

 *657
 
 domestic violence protective order. Later that day, the district court entered an
 
 ex parte
 
 domestic violence protective order, effective until 15 September 2015. Defendant filed his motion to dismiss on 15 September 2015. On that date, the court denied Defendant's motion, but did not rule upon Plaintiff's complaint.
 

 Defendant appeals from the trial court's interlocutory order, which denied his motion to dismiss Plaintiff's complaint for lack of personal and subject matter jurisdiction. Defendant argues on appeal the trial court lacked subject matter jurisdiction, because Plaintiff attempts to plead a claim for custody of the parties' child, and North Carolina is not the home state of the child. "Typically, the denial of a motion to dismiss is not immediately appealable to this Court because it is interlocutory in nature."
 
 Reid v. Cole
 
 ,
 
 187 N.C.App. 261
 
 , 263,
 
 652 S.E.2d 718
 
 , 719 (2007).
 

 Defendant acknowledges his appeal is interlocutory, but asserts the district court's order is immediately appealable to this Court pursuant to
 
 N.C. Gen. Stat. § 1-277
 
 (b). Defendant's statement is partially correct.
 

 The appeal from the trial court's denial of Defendant's motion to dismiss for lack of personal jurisdiction is properly before us.
 
 N.C. Gen. Stat. § 1-277
 
 (b) (2015) ("Any interested party shall have the right of
 
 immediate appeal
 
 from an adverse ruling as to the jurisdiction of the court over the
 
 person
 
 or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause." (emphasis supplied)).
 

 *327
 
 It is well-established
 
 N.C. Gen. Stat. § 1-277
 
 (b) allows for the immediate appeal of a denial of a Rule 12(b)(2) motion, but not for the immediate appeal of a denial of a Rule 12(b)(1) motion for lack of subject matter jurisdiction.
 
 See, e.g.,
 

 Teachy v. Coble Dairies, Inc
 
 .,
 
 306 N.C. 324
 
 ,
 
 293 S.E.2d 182
 
 (1982). Defendant's issue regarding subject matter jurisdiction is interlocutory and not immediately appealable. In light of our holding, we need not address any issue of subject matter jurisdiction.
 

 V. Personal Jurisdiction
 

 Defendant argues the trial court erred by denying his motion to dismiss. Defendant asserts the record evidence does not provide the district court any basis to assert personal jurisdiction over him. We agree.
 

 A. Standard of Review
 

 "When this Court reviews a decision as to personal jurisdiction, it considers only 'whether the findings of fact by the trial court are supported by competent evidence in the record;' ... [w]e are not free to revisit questions of credibility or weight that have already been decided by the trial court."
 
 Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.
 
 ,
 
 169 N.C.App. 690
 
 , 694-95,
 
 611 S.E.2d 179
 
 , 183 (2005) (quoting
 
 Replacements, Ltd. v. MidweSterling
 
 ,
 
 133 N.C.App. 139
 
 , 140-41,
 
 515 S.E.2d 46
 
 , 48 (1999) ). If the findings of fact are supported by competent evidence, we conduct a
 
 de novo
 
 review of the trial court's conclusions of law and determine whether, given the facts found by the trial court, the exercise of personal jurisdiction would violate defendant's due process rights.
 
 Id
 
 . at 141,
 
 515 S.E.2d at 48
 
 (stating that "it is this Court's task to review the record to determine whether it contains any evidence that would support the trial judge's conclusion that the North Carolina courts may exercise jurisdiction over defendants without violating defendants' due process rights").
 

 Deer Corp. v. Carter
 
 ,
 
 177 N.C.App. 314
 
 , 321-22,
 
 629 S.E.2d 159
 
 , 165 (2006).
 

 B. Analysis
 

 A two-prong analysis is employed to determine whether North Carolina courts may exercise personal jurisdiction over a non-resident defendant, consistent with constitutional due process. "First, the transaction must fall within the language of the State's 'long-arm' statute. Second, the exercise of jurisdiction must not violate the due process
 
 *328
 
 clause of the fourteenth amendment to the United States Constitution."
 
 Tom Togs, Inc. v. Ben Elias Indus. Corp.
 
 ,
 
 318 N.C. 361
 
 , 364,
 
 348 S.E.2d 782
 
 , 785 (1986).
 
 *658
 
 North Carolina's long-arm statute,
 
 N.C. Gen. Stat. § 1-75.4
 
 , provides for a court's assertion of personal jurisdiction. The statute provides, in pertinent:
 

 A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to [Rule 4] of the Rules of Civil Procedure under any of the following circumstances:
 

 (1) Local Presence or Status.-In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
 

 a. Is a natural person present within this State; or
 

 b. Is a natural person domiciled within this State; or
 

 c. Is a domestic corporation; or
 

 d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.
 

 N.C. Gen. Stat. § 1-75.4
 
 (1) (2015). The statute also sets forth circumstances under which North Carolina courts may assert personal jurisdiction in actions claiming injury to person or property, or for wrongful death.
 
 N.C. Gen. Stat. § 1-75.4
 
 (3) - (4) (2015).
 

 The degree of contacts required for North Carolina courts to exercise personal jurisdiction over an out of state individual defending a claim for a domestic violence protective order is an issue of first impression in our Court. The facts asserted in Plaintiff's complaint do not comply with any provision set forth in the long-arm statute to enable the trial court to invoke personal jurisdiction over Defendant.
 
 Id
 
 .
 

 Chapter 50B contains no provision that requires the underlying act or acts of domestic violence to have occurred in this State. Courts in other jurisdictions have taken various approaches to this issue. The trial court's order cites and sets forth two different bases to find personal jurisdiction from other jurisdictions. The court found:
 

 8. The plaintiff alleged in paragraph 4 of her complaint that the defendant threatened her life. When taken in
 
 *329
 
 conjunction with the plaintiff's statements on the Affidavit as to Status of Minor Child, it is reasonable to infer that the threat was received in North Carolina, as this was her first day of residence in this state. Further, counsel for the plaintiff forecast that the threat was made over the telephone after the plaintiff was physically in the State of North Carolina.
 

 The court concluded it had acquired personal jurisdiction over Defendant and cited an opinion of the New Jersey Superior Court, Appellate Division,
 
 A.R. v. M.R
 
 .,
 
 351 N.J.Super. 512
 
 , 520,
 
 799 A.2d 27
 
 , 32 (App.Div.2002) ("In light of the parties' historical and present connections to this state, the viciousness of the precipitating event, and the nature of the threats to exact revenge, the telephone calls were tantamount to defendant's physical pursuit of the victim here.").
 

 In the alternative, the trial court concluded:
 

 3. [E]ven if personal jurisdiction does not exist, the Motion to Dismiss should still be denied-at least to the extent that the plaintiff should be allowed to seek a prohibitory order serving to protect her from further acts of domestic violence but without any provisions requiring the defendant to undertake any actions.
 
 See
 

 Spencer v. Spencer
 
 ,
 
 191 S.W.3d 14
 
 , 19 (Ky. Ct. App. 2006) ("In our view, the distinction made by New Jersey's highest court between prohibitory and affirmative orders represents the fairest balance between protecting the due process rights of the nonresident defendant and the state's clearly-articulated interest in protecting the plaintiff and her children against domestic violence.");
 
 accord
 

 Hemenway v. Hemenway
 
 [
 
 159 N.H. 680
 
 ],
 
 992 A.2d 575
 
 (N.H. 2010) ;
 
 Caplan v. Donovan
 
 [
 
 450 Mass. 463
 
 ],
 
 879 N.E.2d 117
 
 (Mass. 2008) ;
 
 Bartsch v. Bartsch
 
 ,
 
 636 N.W.2d 3
 
 (Iowa 2001).
 

 1. Phone Call to North Carolina
 

 As the first basis for its denial of Defendant's motion to dismiss, the court found personal jurisdiction exists as a result of a single phone call to Plaintiff, which her counsel represented to the court occurred
 
 *659
 
 while she was present within North Carolina. Plaintiff's complaint is wholly silent on the issue of her physical location when she received Defendant's alleged threat, or whether it was transmitted by telephone or otherwise.
 

 The complaint states, "Sunday Sept. 6, 2015 he threatened my life because I was moving out of state with our son, we don't have a court
 
 *330
 
 custody agreement." According to the Affidavit of Status as to Minor Child, Plaintiff began living in North Carolina on 6 September 2015, the day she received the threat. Plaintiff's complaint fails to allege whether she was present in Pennsylvania, North Carolina, or somewhere in between when she allegedly received Defendant's threat.
 

 Plaintiff carries the prerequisite burden of proving
 
 prima facie
 
 that jurisdiction exists.
 
 Bruggeman v. Meditrust Acquisition Co
 
 .,
 
 138 N.C.App. 612
 
 , 616,
 
 532 S.E.2d 215
 
 , 218 (citation omitted),
 
 disc. rev. denied
 
 ,
 
 353 N.C. 261
 
 ,
 
 546 S.E.2d 90
 
 (2000). Plaintiff did not present any testimony or file an affidavit in response to Defendant's motion to dismiss.
 

 The trial court found it is "reasonable to infer" Plaintiff was present in North Carolina when she received the threat, but Plaintiff submitted no evidence, direct or indirect, regarding her physical location on 6 September 2015, when she alleged Defendant threatened her. The only evidence before the court was Defendant's uncontroverted affidavit, which states:
 

 5. On September 6, 2015, Ms. Manisse informed me that she was leaving Pennsylvania with our son, [C.H.]. Pursuant to the terms of our custody arrangement, Ms. Manisse is not allowed to leave the State of Pennsylvania with [C.H.]. Additionally, I have had regular custody of [C.H.] on a weekly basis pursuant to the terms of the custody agreement since my relationship with Ms. Mannise ended.
 

 6. When I informed Ms. Manisse that the terms of the custody arrangement prohibited her from leaving Pennsylvania with [C.H.], she informed me that she would contact me again shortly. When Ms. Manisse contacted me via telephone later that day, she informed me that she was in West Virginia. I did not find out that Ms. Manisse had relocated to North Carolina until I was served with a copy of the Complaint in the above-captioned action by a local sheriff in Pennsylvania.
 

 The record does not show the trial court conducted an evidentiary hearing. In determining it was "reasonable to infer" Plaintiff was in North Carolina, the trial court relied upon a "forecast" provided by Plaintiff's counsel, rather than the sworn and unchallenged affidavit that is part of Defendant's motion and the record evidence.
 

 If the exercise of personal jurisdiction is challenged by a defendant,
 
 a trial court may hold an evidentiary hearing
 

 *331
 

 including oral testimony or depositions
 
 or may decide the matter based on affidavits. If the court takes the latter option, the plaintiff has the initial burden of establishing
 
 prima facie
 
 that jurisdiction is proper. Of course, this procedure does not alleviate the plaintiff's ultimate burden of proving personal jurisdiction at an evidentiary hearing or at trial by a preponderance of the evidence.
 

 Id.
 
 at 615,
 
 532 S.E.2d at 217
 
 (emphasis supplied) (internal citations omitted).
 

 On the complaint and record before us, no evidence shows and it is purely speculative that Defendant had any contacts with Plaintiff while she was present in North Carolina. Defendant's unchallenged affidavit states no contacts occurred. Furthermore, while the trial court relies on the rationale of the New Jersey Superior Court case of
 
 A.R.
 
 to assert personal jurisdiction over Defendant, the record contains no findings of "the parties' historical and present connections to this state, the viciousness of the precipitating event, and the nature of the threats to exact revenge."
 
 A.R.
 
 ,
 
 351 N.J.Super. at 520
 
 ,
 
 799 A.2d at 32
 
 .
 

 2. Entry of a Domestic Violence Protective Order Absent Personal Jurisdiction
 

 The trial court also found that "even if personal jurisdiction does not exist, the Motion to Dismiss should still be denied." The trial court cites cases in other jurisdictions, in which courts have issued domestic violence protective orders absent a finding of
 
 *660
 
 personal jurisdiction. These courts have drawn a distinction between "affirmative" and "prohibitive orders." The Kentucky Court of Appeals opinion in
 
 Spencer
 
 , cited by the trial court, follows the reasoning of the Superior Court of New Jersey in
 
 Shah v. Shah
 
 .
 
 Spencer v. Spencer
 
 ,
 
 191 S.W.3d 14
 
 , 18-19 (Ky. Ct. App. 2006). The Kentucky Court explains:
 

 In its opinion, the [Superior Court of New Jersey] drew a distinction between a prohibitory order that serves to protect the victim of domestic violence, and an affirmative order that requires that a defendant undertake an action.
 

 The former, which allows the entry of an order prohibiting acts of domestic violence against a defendant over whom no personal jurisdiction exists, is addressed not to the defendant but to the victim; it provides the victim the very protection the law specifically allows, and it prohibits the defendant from engaging in behavior already specifically
 
 *332
 
 outlawed. Because the issuance of a prohibitory order does not implicate any of defendant's substantive rights, the trial court had jurisdiction to enter a temporary restraining order to the extent it prohibited certain actions by defendant in New Jersey.
 

 An affirmative order, on the other hand, involves the court attempting to exercise its coercive power to compel action by a defendant over whom the court lacks personal jurisdiction.
 

 Id
 
 . at 18-19 (citing
 
 Shah v. Shah
 
 ,
 
 184 N.J. 125
 
 ,
 
 875 A.2d 931
 
 (2005) ). We decline to adopt the rule or reasoning of the New Jersey and Kentucky courts.
 

 The entry of a North Carolina domestic violence protective order involves both legal and non-legal collateral consequences. "[C]ollateral legal consequences may include consideration of the order by the trial court in any custody action involving Defendant."
 
 Smith v. Smith
 
 ,
 
 145 N.C.App. 434
 
 , 436,
 
 549 S.E.2d 912
 
 , 914 (2001). Pursuant to
 
 N.C. Gen. Stat. § 50-13.2
 
 (a) (2015), the trial court must consider "acts of domestic violence" when determining the best interest of the child in a custody proceeding. Furthermore, " 'a person applying for a job, a professional license, a government position, admission to an academic institution, or the like, may be asked about whether he or she has been the subject of a [domestic violence protective order].' "
 
 Smith
 
 ,
 
 145 N.C.App. at 437
 
 ,
 
 549 S.E.2d at 914
 
 (quoting
 
 Piper v. Layman
 
 ,
 
 125 Md.App. 745
 
 , 753,
 
 726 A.2d 887
 
 , 891 (Md. Ct. Spec. App. 1999) ).
 

 A domestic violence protective order may also place restrictions on where a defendant may or may not be located, or what personal property a defendant may possess or use. The entry of a domestic violence protective order must be consistent and compatible with North Carolina's long-arm statute, and also comport with constitutional due process.
 
 Tom Togs,
 

 318 N.C. at 364
 
 ,
 
 348 S.E.2d at 785
 
 .
 

 Here, the trial court restricted Defendant from any place where Plaintiff works, the child's daycare or school, and "any place where the plaintiff and/or the child is/are located." Because the issuance of a domestic violence protective order implicates substantial rights of Defendant, including visitation with and the care, custody, and control of his minor son, or access to the schools he is attending, Plaintiff is required to prove personal jurisdiction over Defendant. To hold otherwise would violate Due Process and "offend traditional notions of fair
 
 *333
 
 play and substantial justice."
 
 International Shoe Co. v. Washington,
 

 326 U.S. 310
 
 , 316,
 
 66 S.Ct. 154
 
 , 158,
 
 90 L.Ed. 95
 
 , 102 (1945).
 

 VI. Conclusion
 

 Plaintiff failed to plead or prove and the trial court failed to find any contacts exist to establish or exercise personal jurisdiction over this out of state Defendant. The order of the trial court is reversed.
 

 REVERSED.
 

 Judges BRYANT and INMAN concur.