ZACHARY, Judge.
 

 *758
 
 Shawn Michael Martin ("Defendant-Husband") appeals from the entry of a Domestic Violence Order of Protection and an Amended Domestic Violence Order of Protection. The trial court violated the due process rights of Defendant-Husband by allowing Plaintiff-Wife to present evidence of alleged acts of domestic violence not specifically pleaded in her Complaint. Further, because the domestic violence custody order in this case is more than one year old, it has expired and is moot. Accordingly, the orders entered against Defendant-Husband are reversed in part and remanded, and dismissed in part.
 

 Factual and Procedural Background
 

 Erin Lynn Martin ("Plaintiff-Wife") and Defendant-Husband were married on 21 June 2014, and are the parents of two minor children: Andrew and Elizabeth.
 
 [1]
 
 The couple and their children moved to North Carolina from Washington on 29 May 2017. About a month later, on 3 July 2017, Plaintiff-Wife filed a Complaint and Motion for Domestic Violence Protective Order, and the trial court entered an
 
 Ex Parte
 
 Domestic Violence Order.
 

 On 12 July 2017, the Wake County Sheriff's Office unsuccessfully attempted to serve Defendant-Husband with the Summons, Complaint, and
 
 Ex Parte
 
 Order. Defendant-Husband filed an "Answer to Complaint and Motion for Domestic Violence Protective Order Counterclaim for Attorney Fees" denying all allegations of domestic violence on 23 August 2017. Both parties consented to a 12 September 2017 hearing on Plaintiff-Wife's Motion for a Domestic Violence Protective Order, at which time Defendant-Husband was officially served with the Summons, Complaint, and
 
 Ex Parte
 
 Order.
 

 This matter came on for hearing on 12 September 2017 before the Honorable Margaret P. Eagles in Wake County District Court. Following the hearing, the trial court filed its Domestic Violence Order of Protection against Defendant-Husband. Shortly thereafter, the parties came to an agreement concerning custody of the minor children, and the trial court entered its Amended Domestic Violence Order of Protection, granting temporary legal and physical custody of the minor children to Plaintiff-Wife and visitation privileges with the minor children to Defendant-Husband. Defendant-Husband timely appealed two days later on 14 September 2017.
 

 At the time the Domestic Violence Order of Protection was filed, dual custody proceedings were pending in Washington and in North Carolina. The Washington custody proceeding was scheduled to occur on 21 September 2017, nine days after the Order of Protection was filed. The trial court settled the record on appeal on 17 April 2018, but no information concerning subsequent custody proceedings in either state was included in the record.
 

 Discussion
 

 Defendant-Husband argues that the trial court erred by: (1) allowing Plaintiff-Wife to present evidence of alleged incidents of domestic violence not specifically pleaded in her Complaint and Motion for Domestic Violence Protective Order; (2) entering a Domestic Violence Protective Order against Defendant-Husband without concluding as a matter of law that an act of domestic violence had occurred; and (3) entering a child custody order when the trial court lacked subject matter jurisdiction over the minor children.
 

 I. Due Process
 

 Defendant-Husband argues that his due process rights were violated when the trial court allowed Plaintiff-Wife to present evidence of alleged incidents of domestic violence that were not specifically pleaded in her Complaint and Motion for Domestic Violence Protective Order. We agree.
 

 We review alleged violations of constitutional rights
 
 de novo
 
 .
 
 Young v. Young
 
 ,
 
 224 N.C. App. 388
 
 , 393,
 
 736 S.E.2d 538
 
 , 543 (2012). Both the United States and North Carolina Constitutions provide that no person can be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV ; N.C. Const. art. I, § 19 ("No person shall be taken, imprisoned, or disseized
 
 *759
 
 of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land."). "The expression 'the law of the land' ... is synonymous with the expression 'due process of law.' "
 
 In re W.B.M.
 
 ,
 
 202 N.C. App. 606
 
 , 615,
 
 690 S.E.2d 41
 
 , 48 (2010) (citing
 
 State v. Ballance
 
 ,
 
 229 N.C. 764
 
 , 769,
 
 51 S.E.2d 731
 
 , 734 (1949) ). "An important check on the power of the government, the principle of procedural due process requires that the states afford the individual a certain level of procedural protection before a governmental decision may be validly enforced against the individual."
 
 DeBruhl v. Mecklenburg Cty. Sheriff's Office
 
 , --- N.C. App. ----, ----,
 
 815 S.E.2d 1
 
 , 5 (2018). "Procedural due process protection ensures that government action depriving a person of life, liberty, or property is implemented in a fair manner."
 
 W.B.M.
 
 ,
 
 202 N.C. App. at 615
 
 ,
 
 690 S.E.2d at 48
 
 . "The fundamental premise of procedural due process protection is notice and the opportunity to be heard."
 
 Peace v. Emp't Sec. Comm'n
 
 ,
 
 349 N.C. 315
 
 , 322,
 
 507 S.E.2d 272
 
 , 278 (1998) (citing
 
 Cleveland Bd. of Educ. v. Loudermill
 
 ,
 
 470 U.S. 532
 
 , 542,
 
 105 S.Ct. 1487
 
 ,
 
 84 L.Ed.2d 494
 
 , 503 (1985) ). "Moreover, the opportunity to be heard must be 'at a meaningful time and in a meaningful manner.' "
 

 Id.
 

 (quoting
 
 Armstrong v. Manzo
 
 ,
 
 380 U.S. 545
 
 , 552,
 
 85 S.Ct. 1187
 
 ,
 
 14 L.Ed.2d 62
 
 , 66 (1965) ). "[T]he opportunity to be heard and to challenge the truth of the adversary's assertions is part and parcel of due process."
 
 State v. Byrd
 
 ,
 
 363 N.C. 214
 
 , 223,
 
 675 S.E.2d 323
 
 , 328 (2009) (citing
 
 Mullane v. Cent. Hanover Bank & Tr. Co.
 
 ,
 
 339 U.S. 306
 
 , 314,
 
 70 S.Ct. 652
 
 ,
 
 94 L.Ed. 865
 
 , 873 (1950) ).
 

 A domestic violence protective order may be sought by any individual residing in this State by filing a civil action or motion "alleging acts of domestic violence against himself or herself or a minor child who resides with or is in the custody of such person." N.C. Gen. Stat. § 50B-2(a) (2017). While our Supreme Court has stated that "a defendant [must] be given notice and the opportunity to be heard before entry of a protective order[,]"
 
 Byrd
 
 ,
 
 363 N.C. at 223
 
 ,
 
 675 S.E.2d at 328
 
 , our courts have not yet addressed the question of whether a complainant may present evidence at trial of claimed acts of domestic violence not alleged in the complaint.
 

 This Court has previously recognized that the entry of a domestic violence protective order "involves both legal and non-legal collateral consequences."
 
 Mannisev. Harrell
 
 , --- N.C. App. ----, ----,
 
 791 S.E.2d 653
 
 , 660 (2016). "A domestic violence protective order may ... place restrictions on where a defendant may or may not be located, or what personal property a defendant may possess or use."
 

 Id.
 

 at ----,
 
 791 S.E.2d at 660
 
 . Additionally, a prior domestic violence order may be "consider[ed] ... by the trial court in any custody action involving [a] [d]efendant."
 
 Smith v. Smith
 
 ,
 
 145 N.C. App. 434
 
 , 436,
 
 549 S.E.2d 912
 
 , 914 (2001). "[N]on-legal collateral consequences" may also include "the stigma that is likely to attach to a person judicially determined to have committed domestic abuse."
 
 Id.
 
 at 437,
 
 549 S.E.2d at 914
 
 (brackets omitted).
 

 For example, this Court has recognized that "a person applying for a job, a professional license, a government position, admission to an academic institution, or the like, may be asked about whether he or she has been the subject of a domestic violence protective order."
 

 Id.
 

 (brackets omitted). Because of the potential significant and lasting adverse collateral consequences faced by those against whom a domestic violence protective order is entered, it is imperative that "[t]he entry of a domestic violence protective order ... comport with constitutional due process."
 
 Mannise
 
 , --- N.C. App. at ----,
 
 791 S.E.2d at 660
 
 .
 

 Other jurisdictions have addressed the issue of notice, and we find their analyses persuasive. In
 
 De Leon v. Collazo
 
 ,
 
 178 So.3d 906
 
 (Fla. Dist. Ct. App. 2015), Ms. Collazo filed a "sworn petition for injunction for protection against domestic violence ... [which] included several pages of specific allegations detailing abusive conduct by Mr. De Leon over the course of their relationship."
 

 Id.
 

 at 907
 
 . However, at the hearing, "Ms. Collazo testified to a number of acts and events that were not included in her sworn petition."
 

 Id.
 

 Although Mr. De Leon objected to the testimony, the trial court entered the permanent
 
 *760
 
 injunction.
 

 Id.
 

 at 908
 
 . The appellate court held that the admission into evidence of the unpleaded allegations violated Mr. De Leon's due process rights "because he was given neither notice of the allegations ... nor a full and fair opportunity to prepare to meet those allegations."
 

 Id.
 

 at 908-09
 
 .
 

 Further, in
 
 H.E.S. v. J.C.S.
 
 ,
 
 175 N.J. 309
 
 ,
 
 815 A.2d 405
 
 (2003), the plaintiff filed a domestic violence complaint against the defendant detailing specific allegations of abuse.
 

 Id.
 

 at 408-09
 
 . At the hearing, the plaintiff testified during direct examination about an incident alleged in her complaint, and was then asked by counsel "whether [the] defendant had ever acted that way before."
 

 Id.
 

 at 409
 
 . Defense counsel objected on the grounds that the complaint failed to give notice of past acts of domestic violence.
 

 Id.
 

 Over the defendant's objection, the trial court allowed the plaintiff to testify to the unpleaded prior acts of domestic violence committed by the defendant.
 

 Id.
 

 On appeal, the New Jersey Supreme Court held that allowing testimony of allegations not pleaded in the complaint "constitute[d] a fundamental violation of due process ... convert[ing] a hearing on a complaint alleging one act of domestic violence into a hearing on other acts of domestic violence which [we]re not even alleged in the complaint."
 

 Id.
 

 at 414
 
 .
 

 Here, on 3 July 2017, Plaintiff-Wife filed a Complaint and Motion for Domestic Violence Protective Order that included paragraphs of allegations as well as an addendum of "Additional DVPO details" listing alleged acts occurring before the Complaint was filed. However, at the hearing, Plaintiff-Wife testified to several acts that were not pleaded in her Complaint. For example, Plaintiff-Wife testified that on 16 and 30 June 2017 Defendant-Husband "verbally got really loud and started yelling" and "slammed the bathroom door in my face and said, 'Shut the f*** up.' " Plaintiff-Wife further testified that one night after she locked herself in her bedroom, Defendant-Husband got a key and unlocked the bedroom door. Although Defendant-Husband said he came in to get his phone charger, Plaintiff-Wife grabbed her purse because she did not know what he was going to do. In addition, Plaintiff-Wife testified that Defendant-Husband "laid [their son] down to the ground [and his] head actually whiplashed back and hit his head really hard[,]" and that Defendant-Husband exhibited aggressive driving and road rage. Plaintiff-Wife's mother corroborated her daughter's testimony regarding Defendant-Husband's behavior.
 

 Defendant-Husband objected to the admission of testimony regarding incidents not alleged in Plaintiff-Wife's Complaint, which the trial court overruled. Likewise, in Defendant-Husband's oral motion to dismiss, Defendant-Husband argued that "all of the things that she's brought up today are things that aren't even listed on her Complaint which brought her to the Court in the first place." The trial court also denied Defendant-Husband's motion to dismiss. In its order granting the Domestic Violence Order of Protection, the trial court included several of the unpleaded allegations as findings.
 

 Plaintiff-Wife argues in response that because N.C. Gen. Stat. § 50B-2(a) does not require allegations of "
 
 specific acts
 
 of domestic violence" and N.C. Gen. Stat. § 1A-1, Rule 9 does not include averments of domestic violence as matters that must be pleaded with specificity, then Plaintiff-Wife's Complaint properly alleged acts of domestic violence, and testimony supporting the unpleaded allegations was properly admitted into evidence at trial. We disagree.
 

 The domestic violence statutes in Florida,
 
 Fla. Stat. § 741.30
 
 (2012), and New Jersey, N.J. Stat. §§ 2C:25-17 to -35 (2000), are substantially similar to Chapter 50B of the North Carolina General Statutes. The Florida statute provides that "[t]he sworn petition shall allege the existence of such domestic violence and
 
 shall include the specific facts and circumstances
 
 upon the basis of which relief is sought."
 
 Fla. Stat. § 741.30
 
 (3)(a) (2012) (emphasis added). New Jersey law provides that "[a] victim may file a complaint alleging the commission of
 
 an act of domestic violence
 
 ." N.J. Stat. § 2C:25-28(a) (2000) (emphasis added). While the Florida statute calls for "specific facts and circumstances" and the New Jersey statute requires an allegation of "an act of domestic violence," both states' appellate courts have held that the admission of testimony concerning unpleaded
 
 *761
 
 acts of domestic violence violates due process.
 
 See
 

 De Leon
 
 ,
 
 178 So.3d at 908
 
 ("[C]onsideration of these significant and substantial-but unpled-allegations deprived Mr. De Leon of his right to due process.")
 
 and
 

 H.E.S.
 
 ,
 
 815 A.2d at 414
 
 (stating that it is "a fundamental violation of due process to convert a hearing on a complaint alleging one act of domestic violence into a hearing on other acts of domestic violence which are not even alleged in the complaint"). The presence or absence of the word "specific" in a domestic violence statute does not affect a defendant's due process rights to notice and an opportunity to be heard.
 

 Further, Plaintiff-Wife is mistaken in arguing that a domestic violence defendant is not entitled to notice of the specific acts alleged simply because Chapter 50B actions are not among the list of "special matters" that must be pleaded with specificity under N.C. Gen. Stat. § 1A-1, Rule 9. Section 50B-2(a) applies to any civil action or motion seeking entry of a domestic violence protective order under Chapter 50B, while Rule 9 of the North Carolina Rules of Civil Procedure is a more general rule that is not intended to provide an exhaustive list of matters required to be pleaded with specificity.
 
 See, e.g.
 
 , N.C. Gen. Stat. § 1A-1, Rule 9 (2017) (requiring that averments of fraud, duress, mistake, and condition of the mind, among others, must be stated with particularity). The comment to Rule 9 states that "[t]his rule is designed to lay down
 
 some
 
 special rules for pleading in typically recurring contexts which have traditionally caused trouble
 
 when no codified directive existed
 
 ."
 

 Id.
 

 § 1A-1, Rule 9, cmt. (emphases added). Plaintiff-Wife alternatively contends that Rule 8's general pleading standard applies and that a litigant seeking a domestic violence protective order must file only "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief."
 

 Id.
 

 § 1A-1, Rule 8. This argument is inapposite. Litigants are entitled to due process in all forms of litigation.
 

 It is clear that Plaintiff-Wife testified to several alleged acts of domestic violence that were not pleaded in her complaint. Defendant-Husband was not on notice of and could not have anticipated these allegations and prepared an adequate defense against them. We hold that the admission of testimony of domestic violence not otherwise pleaded in a complaint and motion for a domestic violence protective order violates a defendant's right to due process. Accordingly, we reverse the Domestic Violence Order of Protection and Amended Domestic Violence Order of Protection entered against Defendant and remand to the trial court for further proceedings consistent with this holding. We need not address Defendant-Husband's argument that the trial court erred in entering the Orders without concluding as a matter of law that an act of domestic violence occurred.
 

 II. Temporary Child Custody Order
 

 Defendant-Husband further argues that the trial court lacked jurisdiction to enter a custody order regarding the parties' minor children. Because the temporary order has expired, this argument is moot.
 

 In its Amended Domestic Violence Order of Protection entered on 12 September 2017, the trial court granted temporary custody of the minor children to Plaintiff-Wife. It was contemplated by the trial court and the parties that the temporary custody order would remain in force until the entry of a permanent order, either in Washington or in North Carolina. Regardless, a grant of temporary custody in a Chapter 50B order cannot last longer than one year. N.C. Gen. Stat. § 50B-3(a1)(4) (2017) ("A temporary custody order entered pursuant to this Chapter shall be without prejudice and shall be for a fixed period of time not to exceed one year."). Moreover, under a Chapter 50B protective order, the grant of temporary custody cannot be renewed.
 

 Id.
 

 § 50B-3(b) ("[A] temporary award of custody entered as part of a protective order may not be renewed to extend a temporary award of custody beyond the maximum one-year period."). As a result, the custody order in the instant case necessarily expired no later than 12 September 2018, more than one month before the matter was
 
 *762
 
 heard by this Court. "A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. ... [T]he proper procedure for a court to take upon a determination that [an issue] has become moot is dismissal of the action."
 
 Roberts v. Madison Cty. Realtors Ass'n
 
 ,
 
 344 N.C. 394
 
 , 398-99,
 
 474 S.E.2d 783
 
 , 787 (1996) (citations and quotation marks omitted). Accordingly, this argument is dismissed as moot.
 

 Conclusion
 

 The trial court violated Defendant-Husband's due process rights by allowing Plaintiff-Wife to testify to alleged incidents of domestic violence that were not pleaded in Plaintiff-Wife's Complaint. In addition, Defendant-Husband's argument that the trial court lacked jurisdiction to make a custody determination for the minor children is moot, in that the custody portion of the order has expired and cannot be renewed. As a result, we reverse the trial court's Domestic Violence Order of Protection and Amended Domestic Violence Order of Protection entered against Defendant-Husband, and dismiss the custody determination as moot. We remand the case for further proceedings consistent with this opinion.
 

 REVERSED IN PART AND REMANDED; DISMISSED IN PART.
 

 Judges CALABRIA and TYSON concur.
 

 [1]
 

 We have adopted pseudonyms for the minor children to protect their identities.