# Third District Court of Appeal

## State of Florida

Opinion filed October 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1592
Lower Tribunal No. F04-3732B
_____

**Javon Lee Walker,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Javon Lee Walker, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before LOGUE, LINDSEY, and HENDON, JJ.

LINDSEY, J.

Javon Lee Walker was tried and convicted by a jury of his peers for robbery using a deadly weapon in violation of section 812.13(2)(a), Florida Statutes (2021), and unlawful possession of a firearm or weapon in violation of section 790.23(1), Florida Statutes (2021). These convictions were affirmed on appeal. Walker v. State, 995 So. 2d 508 (Fla. 3d DCA 2008).

Walker filed several post-conviction motions before filing the instant motion seeking to correct an alleged illegal sentence pursuant Florida Rule of Criminal Procedure 3.800(a). The lower court denied this motion in an order rendered on May 12, 2021, and entered an order requiring Walker to show cause as to "why he should not be held in contempt for such filings."

The lower court then entered an order on June 30, 2021, imposing sanctions and prohibiting Walker from filing any further pro se motions after finding that Walker's response failed to establish good cause. Though Walker had not responded, the order was entered before the time expired for Walker to file a response. Hence, Walker was not afforded an opportunity to file a response before being barred from future filings.

We affirm without further discussion the lower court's May 12, 2021 order denying Walker's motion to correct his sentence but reverse the June 30, 2021 sanctions order to allow the lower court to rule on Walker's response filed on September 1, 2021, and to determine whether sanctions

2

are appropriate in accordance with State v. Spencer, 751 So. 2d 47, 48-49 (Fla. 1999).  Basic notions of fairness and due process demand nothing less. See J.G.G. v. M.S., 312 So. 3d 509, 511 (Fla. 5th DCA 2020) ("Procedural due process requires that litigants be given proper notice and a full and fair opportunity to be heard. To be sufficient, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting  De Leon v. Collazo, 178 So. 3d 906, 908 (Fla. 3d DCA 2015))).

Affirmed in part, reversed in part, and remanded.