IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT LENTINO,

        Appellant,

v.

        Case No.  5D21-2155
        LT Case No. 2021-31507-FMCI

TORIANNE MCKINNEY,

        Appellee.

_____/

Opinion filed June 3, 2022

Appeal from the Circuit Court
for Volusia County,
Steven C. Henderson, Judge.

Aaron D. Delgado and Ann M.
Phillips, of The Law Office of Aaron
Delgado & Associates, PLLC,
Daytona Beach,  for Appellant.

No Appearance for Appellee.


SASSO, J.

      Robert Lentino appeals the final judgment of injunction for protection

against dating violence entered against him and in favor of Torianne

McKinney. We agree with Mr. Lentino that the evidence was legally insufficient to support a finding that Ms. McKinney had a reasonable fear that she was in imminent danger of another act of dating violence.

The trial court, after noting the evidence presented was "complicated and convoluted," granted injunctive relief and briefly explained its ruling was predicated on two incidents—a traffic stop and a phone call. As to the traffic stop, Mr. Lentino properly objected to the introduction of evidence regarding the incident, arguing the incident was not raised in Ms. McKinney's petition. The trial court overruled Mr. Lentino's objection, which was error because consideration of the unpled and otherwise unnoticed allegations constituted a due process violation. *See Brooks v. Basdeo*, 336 So. 3d 423, 423 (Fla. 5th DCA 2022) (holding that appellant's due process rights were violated when the trial court permitted, and then relied upon, testimony regarding an unpled incident as part of its basis for granting the injunction); *De Leon v. Collazo*, 178 So. 3d 906, 909 (Fla. 3d DCA 2015) (reversing injunction for protection against domestic violence where material allegations were raised for the first time at the final hearing over objection and appellate court was unable to conclude the erroneous admission of evidence did not contribute to the trial court's determination). As to the remaining incident relied upon by the trial court, we conclude the evidence supporting the phone call is legally

2

insufficient to support the trial court's conclusion that Ms. McKinney is a victim in imminent danger of another act of dating violence. *See Cook v. McMillan*, 300 So. 3d 189, 191–92 (Fla. 4th DCA 2020) (determining that communication not containing threats of violence is insufficient to prove petitioner was in fear of another act of dating violence); *Di Stefano v. Long*, 279 So. 3d 758, 759 (Fla. 2d DCA 2019) ("[R]egardless of whether the petitioner has been the victim of dating violence in the past, the petitioner must show that he or she has reasonable cause to believe that he or she is in imminent danger of becoming the victim of an act of dating violence *in the future*." (citation omitted)).

So, because the trial court's stated reason for granting the injunction was based on two incidents, where evidence as to the first was admitted in error and evidence as to the second was legally insufficient, we are obligated to reverse.

REVERSED.

COHEN and TRAVER, JJ., concur.