IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————————

LIZBETH MARTINEZ MARTINEZ,
*Plaintiff/Appellee,*

*v.*

NANCY ZUNIGA,
*Defendant/Appellant.*

No. 2 CA-CV 2023-0214-FC
Filed March 21, 2024

———————————————

Appeal from the Superior Court in Maricopa County
No. FN2023001136
The Honorable Terri L. Clarke, Judge Pro Tempore

**VACATED AND REMANDED**

———————————————

COUNSEL

Law Office of Shannon Peters, Phoenix
By Shannon Peters
*Counsel for Plaintiff/Appellee*

Jennings Haug Keleher McLeod, Phoenix
By Blake E. Whiteman and Joseph A. Brophy
*Counsel for Defendant/Appellant*

---

**OPINION**

Chief Judge Vásquez authored the opinion of the Court, in which Presiding Judge Eppich and Judge Gard concurred.

---

V Á S Q U E Z, Chief Judge:

**¶1**        Defendant Nancy Zuniga challenges the superior court's denial of her motion to alter or amend a judgment relating to an order of protection against her.  She maintains the court lacked personal jurisdiction to enter such an order.  For the reasons discussed below, we vacate the denial of Zuniga's motion and remand for the court to dismiss the order of protection.

## Factual and Procedural Background

**¶2**        In March 2023, the superior court granted Lizbeth Martinez's ex parte petition for an order of protection.  Martinez's petition alleged that Zuniga had "slapped [her] on the face" and "tried to choke" her three times.  Zuniga filed a notice of limited appearance and a motion to dismiss for lack of jurisdiction, arguing she does not live in Arizona and the alleged incident took place at the parties' residence in California.

**¶3**        After hearing oral argument, the superior court denied Zuniga's motion to dismiss, finding it had "general personal jurisdiction" over her.  Zuniga filed a motion to alter or amend the judgment, which the court denied.  Zuniga appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(5)(b).

## Discussion

**¶4**        Zuniga challenges the denial of her motion to alter or amend judgment, arguing the superior court lacked personal jurisdiction to enter the order of protection against her.  We review a court's ruling on a motion to dismiss for lack of personal jurisdiction de novo.  *Ariz. Tile, L.L.C. v. Berger*, 223 Ariz. 491, ¶ 8 (App. 2010).

**¶5**        The superior court correctly noted that A.R.S. § 13-3602 grants the court "jurisdiction to consider a verified petition for an order of protection."  Nevertheless, a court must also have personal jurisdiction over a party to comport with due process.  *Williams v. Lakeview Co.*, 199 Ariz. 1, ¶ 5 (2000).  In Arizona, courts may exercise personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United

States Constitution." Ariz. R. Civ. P. 4.2(a). And a court's exercise of personal jurisdiction complies with federal due process if a nonresident defendant has "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

¶6 The minimum contacts standard contemplates two forms of personal jurisdiction: general and specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In this case, the superior court determined Zuniga's contacts with Arizona were such that it had general jurisdiction over her.[1] In part, the court relied on § 13-3602, stating it grants the court "jurisdiction to consider a verified petition for an order of protection" and "is silent as to the location of the alleged incidents of domestic violence that may serve as a basis for issuing a protective order." *Accord Shah v. Shah*, 875 A.2d 931, n.4 (N.J. 2005) (noting in passing that A.R.S. § 13-3602 is "silent as to both venue and personal jurisdiction in domestic violence matters"). But a nonresident defendant is subject to general jurisdiction only "when the defendant's contacts with the forum state are substantial or continuous and systematic enough that the defendant may be haled into court in the forum, even for claims unrelated to the defendant's contacts with the forum." *Williams*, 199 Ariz. 1, ¶ 6. The level of contact required to show general jurisdiction is "quite high." *Id.* To determine whether personal jurisdiction comports with fair play and substantial justice, a court must weigh the facts of each case. *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, ¶ 15 (2011).

¶7 Zuniga maintains that Arizona lacks general jurisdiction over her because she is not domiciled in the state. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."). A domicile is "where a person intends to remain and make a home." *Taylor v. Jarrett*, 191 Ariz. 550, n.1 (App. 1998). Martinez conceded that Zuniga does not reside in Arizona but argued that she did until 2020 and "still maintains significant

---

[1] Specific jurisdiction, in contrast, generally exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Martinez did not argue, and the superior court did not find, that the court had specific jurisdiction over Zuniga. Accordingly, we address only general jurisdiction.

contact" with the state. Specifically, Martinez contends that Zuniga "regularly visits Arizona" to visit with her family and participated in previous cases in Arizona courts.

¶8        However, those facts are insufficient to establish that Zuniga had "continuous and systematic" contacts with Arizona. Her past cases included a bankruptcy in 2010 that terminated in 2015 and three family-court cases—two filed in 2016 and one filed in 2021. The cases filed before 2020—when Zuniga resided in Arizona—have no bearing on whether she currently has sufficient contact to subject her to Arizona's jurisdiction. And based on the limited record before us, the 2021 case involves Zuniga's minor children who reside in Arizona. Thus, although Martinez maintains Zuniga "purposefully availed herself of the privileges of conducting activities" in Arizona, Zuniga's contacts with the state cannot fairly be characterized as voluntary. Rather, they were compelled because Arizona courts maintain jurisdiction over her minor children. *See* A.R.S. §§ 25-402, 25-1031, 25-1032 (Arizona court that has made child custody determination has "exclusive, continuing jurisdiction over the determination" until Arizona court determines that neither child nor one parent have significant connection with Arizona or court determines that child and child's parents no longer reside in Arizona); *cf. Brown v. Showtime Networks, Inc.*, 394 F.Supp.3d 418, 433-34 (S.D.N.Y. 2019) (prior appearance in litigation does not establish general jurisdiction); *Mallinckrodt Med., Inc. v. Sonus Pharms., Inc.*, 989 F.Supp. 265, 271 (D.D.C. 1998) (initiation of previous action does not imply consent to be sued or constitute doing business in jurisdiction). Although Zuniga regularly travels to Arizona as part of a court-approved parenting plan to facilitate an exchange for parenting time with her children, this is likewise insufficient to constitute "continuous and systematic" contact. *Compare Armstrong v. Aramco Servs. Co.*, 155 Ariz. 345, 350 (App. 1987) (no personal jurisdiction over nonresident company that employs Arizona residents, assigns employees to work in Arizona on temporary basis, and contracts with Arizona vendors), *with Ariz. Tile, L.L.C.*, 223 Ariz. 491, ¶ 11 (personal jurisdiction over nonresident who "was regularly physically present in Arizona, had offices and property in Arizona, and systematically transacted business in Arizona").

¶9        Some state courts have concluded that personal jurisdiction over a defendant in protective order proceedings is unnecessary. *See, e.g.*, *Hemenway v. Hemenway*, 992 A.2d 575, 581-82 (N.H. 2010); *Caplan v. Donovan*, 879 N.E.2d 117, 124-25 (Mass. 2008); *Spencer v. Spencer*, 191 S.W.3d 14, 19 (Ky. Ct. App. 2006); *Shah*, 875 A.2d at 942; *Bartsch v. Bartsch*, 636 N.W.2d 3, 6 (Iowa 2001). In those cases, the courts reasoned that although

they lacked power to enter orders requiring the defendant's performance of an affirmative act in the absence of personal jurisdiction over the defendant, they could issue prohibitive orders that do not implicate the defendant's substantive rights.[2] *Hemenway*, 992 A.2d at 581-82; *Caplan*, 879 N.E.2d at 124-25; *Spencer*, 191 S.W.3d at 19; *Shah*, 875 A.2d at 939-40; *Bartsch*, 636 N.W.2d at 9-10. Other states have rejected that view, recognizing that even prohibitive orders of protection have consequences that affect the substantial rights of the defendant. *See, e.g.*, *Mannise v. Harrell*, 791 S.E.2d 653, 660 (N.C. Ct. App. 2016); *Fox v. Fox*, 106 A.3d 919, ¶¶ 19-20 (Vt. 2014).

¶10      We adopt the latter approach. Arizona law recognizes the myriad consequences a defendant may face because of an order of protection. *See Cardoso v. Soldo*, 230 Ariz. 614, ¶¶ 10-12 (App. 2012) (orders of protection are relevant to subsequent orders of protection and child custody disputes, require registration in central repository, and cause "reputational harm and stigma" to defendant). As such, we cannot say a protective order, even though it is only prohibitive, does not involve a defendant's substantive rights. Thus, we conclude that a court may not grant an order of protection against a defendant over whom it lacks personal jurisdiction. Doing so violates "traditional notions of fair play and substantial justice."[3] *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken*, 311 U.S. at 463).

## Disposition

¶11      We vacate the superior court's orders denying Zuniga's motion to alter or amend judgment and affirming the order of protection. We remand for that court to dismiss the order of protection for lack of jurisdiction.

---

[2]Several of those courts nevertheless recognized that an order for the defendant to surrender her firearms, like the one the superior court entered here, imposes an affirmative duty. *See Caplan*, 879 N.E.2d at 125; *Spencer*, 191 S.W.3d at 19; *Shah*, 875 A.2d at 940.

[3]A plaintiff such as Martinez, however, is not without remedy to protect herself in Arizona. Under § 13-3602(V), a valid domestic or family violence protective order issued by a court in another state is "accorded full faith and credit" in Arizona and must "be enforced as if it were issued in this state."